# LOGAN vs. SUMTER.

1. In a suit against the assignee of an execution by a defendant, to recover back money paid upon it, the exemplification of a judgment and an execution against another defendant for the same debt, by which it appears that the plaintiff, from whose representatives the assignee derived title, had been paid the debt, is admissible in evidence ; and so is the exemplification of the judgment and the execution against the defendant on which the money was paid.

2. A defendant who has paid an execution on which he is not liable, may recover back the money—he having paid it under the belief that he was liable.

Debt, from Floyd county. Tried before Judge HAMMOND, at August Term, 1858.

The facts of this case are as follows:

In 1833, T. W. A. Sumter made his note for a thousand dollars, payable, sixty days after date, to the order of James M. Sumter. The note was endorsed by James M. Sumter, and finally by Jacob Stroup, to whom it had

been endorsed, to Benjamin F. Patton. The parties at the time, all resided in Habersham county. Patton brought seperate suits on the note against the maker and endorsers, and in 1834 or 1835, recovered judgments respectively against them, and issued executions. Stroup, the last endorser, paid off the judgment against him in full, but Patton still held open the judgment against James M. Sumter, the first endorser. After Patton's death, this execution against Sumter, was sold by his administrators as an insolvent paper, and by subsequent transfer came into the hands of James L. Logan. Logan, in 1853, applied to Sumter, who had removed to Floyd county, for payment of this execution, which, at the time, was dormant, and received from him, in notes and furniture, three hundred and fifty dollars, in full satisfaction of the same.

Sumter now brings this action against Logan to recover back the money thus paid, and to which he avers that Logan had no right or title, and that the same was obtained from him wrongfully, fraudulently, and without consideration.

Defendant pleaded the general issue ; and that he was a *bona fide* purchaser of said judgment and execution for valuable consideration.

Upon the trial, plaintiff tendered in evidence an exemplification, from Habersham superior court, of the judgments and executions there by Patton against Stroup and plaintiff, with the entries and returns thereon. The defendant objected to their introduction as irrelevant, and as judgments rendered in cases between different parties, from those now before the court. The court overruled the objection and admitted the evidence, and defendant excepted.

After plaintiff closed, defendant moved for a non-suit, on the ground that the evidence did not make out a case of legal liability on his part to plaintiff. The court re-

fused the motion for a non-suit, and defendant excepted.
The defendant introduced no evidence.

The court instructed the jury to find for the plaintiff, and a verdict was rendered in his favor for three hundred and fifty dollars, besides interest and cost.

Whereupon defendant, by his counsel, tenders his bill of exceptions; assigning as error the aforesaid rulings and decisions.

D. R. MITCHELL, for plaintiff in error.

UNDERWOOD & SMITH, contra.

By the Court.—McDONALD, J., delivering the opinion.

The action of the court below was brought to recover money which, it was alleged, was paid without consideration. The plaintiff in error became possessed of an execution, issued on a judgment obtained in Habersham superior court, in favor of B. F. Patton against the defendant in error, on the indorsement of a note of one thousand dollars, made by T. W. A. Sumter, and indorsed by several persons, and among them Jacob Stroup, who was the last indorser. The maker and endorsers were all sued in seperate actions by Patton, the holder; and Jacob Stroup, the last indorser, paid the entire debt, all which appears in an exemplification of the case and an execution against Stroup. B. F. Patton died, and his administrators finding amongst his papers the execution, open and unsatisfied, against Sumter the defendant in error, sold it as an insolvent or doubtful debt. Through that sale the plaintiff in error became the holder of it, and under it received the money sought to be recovered back. Whether he is the holder under an administrator's sale or by transfer of the plaintiff himself, he is the assignee of it, and is authorized to collect it in as full and ample a man-

ner as the plaintiff could have done, if there had been no
transfer or assignment of it. (Cobb's new Dig., 699.)
He stands in his place and can have no better or higher
claim. It is always legitimate, then, in controversies
arising between the assignee of an execution and the
defendant, to enquire into the right of the plaintiff against
the defendant; and whether, if it had not been transferred,
the plaintiff could have collected it.

1. On the trial of the cause in the court below, the
defendant in error, who was plaintiff in that court, offered
in evidence the copy of records, from the superior court
of Habersham county, of the judgments in favor of B. F.
Patton against Jacob Stroup, and against the defendant
in error, and the executions and entries thereon, issued on
said judgments, to the admission of which the plaintiff in
error, by his counsel, objected, on the ground that they
were "irrelevant and improper," not being between the
parties litigant in the cause. The execution and the
exemplification of the judgment on which it was founded,
against the defendant in error, was admissible, for it was
'the subject of the contract on which the money was paid
by the defendant to the plaintiff in error. The other
record and execution were admissible as shewing the
rights of the plaintiff in fi. fa. against the defendant in
error at the time of the transaction between the plaintiff
and defendant in error. Again, the plaintiff in error
claimed through B. F. Patton, the plaintiff in fi. fa., and
stood precisely in his place, and "the declarations of an
intestate are admissible against his administrator, or any
other claiming in his right." (1 Greenleaf Ev. §189.)
This does not differ from the ordinary case of a claim,
when the claimant is allowed to prove the payment of an
assigned execution, while it was in the hands of the orig-
inal plaintiff, by any evidence which would be admissible,
if that plaintiff had not transferred it..

2. After the evidence was closed, the plaintiff in error

Logan vs. Sumter.

moved in the court below for a non-suit, on the ground that the evidence of the plaintiff did not make out a case of legal liability by the defendant to the plaintiff. The court overruled the motion and this decision is assigned as error. It was contended before us, that in the original transaction between the plaintiff and defendant in error, there was a sufficient consideration to support the contract, and that, if there was, the plaintiff in the court below ought not to recover. This argument seems to have been sustained on the assumption, that the main ground on which the plaintiff relied for a recovery was, that the execution was, at the time, dormant and could not be enforced against him. If that had been the *only* ground of objection to the execution, the consideration, unquestionably, would have been sufficient, for it might have been revived against him. But the plaintiff in error had no title. He derived the execution from a party who had been paid, and who, had he been the plaintiff in a proceeding to revive the judgment, must have been defeated. The plaintiff in error could occupy no better position; and if, in a proceeding of that sort, he must have been defeated, either because he had no title, or because the execution had been paid, the defendant in error was not liable to him in any respect, and all that he paid for a discharge from the execution, believing that he was liable on it, was a payment without consideration, and he is intitled to recover it back.

Judgment affirmed.