## BREWER v. NEW ENGLAND MORTGAGE SECURITY COMPANY et al.

BECK, J. 1. Where a mortgagee holds a mortgage covering several lots of land, some of which are conveyed by the mortgagor to one person and some to another, upon foreclosure of the mortgage the mortgagee has a right to levy upon any of the land covered by the mortgage, without regard to the order of its alienation. *Barden v. Grady,* 37 *Ga.* 660; *Hollinshed v. Woodard,* 124 *Ga.* 721 (52 S. E. 815). The senior grantee has no right by equitable proceedings to compel the mortgagee to proceed first against the land held by the junior grantee. The Civil Code (1910), § 6029, lays down a rule of contribution among purchasers, and does not affect the right of the creditor to levy upon any of the parcels subject to his execution. Accordingly, where an equitable petition was filed for the purpose of setting aside a judgment in a claim case, subjecting a certain piece of property to the mortgage execution, there was no error in rejecting an amendment which alleged, that the mortgage covered several lots of land; that two of these were conveyed to the plaintiff in the petition, and others later to a third party; that the mortgagee for a stated sum released from the lien the lots last conveyed; that they were of more value than the amount paid to the mortgagee; that an accounting should be taken; and that the land conveyed to the plaintiff should be relieved, in whole or in part, from the lien of the mortgage execution.

(a) This does not mean that the amount received by the holder of the mortgage execution should not be credited upon the mortgage execution.

2. The controlling question in this case being whether or not the plaintiff

in the equitable petition had, by herself or her authorized agent or attorney at law, formerly interposed a claim against a fi. fa. based upon the judgment which the equitable proceeding was instituted to set aside and have declared void, it being set up in the petition that petitioner did not file the claim referred to nor authorize any one else to file it, and that she had no knowledge of the filing and prosecution of the same, the court erred in charging the jury as follows: "If she made an affidavit knowing what was in it or knowing that it was a paper that would be filed in court as the foundation of a claim case, and did not exercise the diligence that I have called your attention to, although she may not have employed counsel, if others did so for her and they represented her, she would be bound by their acts for her, and would be such a party as would be bound by the judgment rendered." Apparently the jury were here instructed that in reference to the matters referred to petitioner would be bound by the acts of counsel whom she had not employed and whom she had not authorized to act for her; and such a proposition of law was erroneous and misleading.

3. There were verbal inaccuracies in certain of the other charges complained of, but they are not of such character as to require the grant of a new trial.

4. The court permitted a witness for the defendant, over objection, to testify, in reference to the petitioner's knowledge of a certain affidavit (knowledge of the contents of which on the part of petitioner was material in the case): "I am quite sure she [petitioner] knew the details of that affidavit. She intimated to me she knew the contents of the paper and knew what she was signing." This evidence was objectionable as involving a conclusion or opinion of the witness. But as the case is to be returned for another trial on another ground, it is unnecessary to determine whether the admission of this evidence, when taken in connection with the other evidence given by the same witness as to the transaction, would furnish ground for a reversal.

5. A ground of a motion for a new trial, containing an exception to a ruling of the court admitting in evidence an affidavit made by a named person, raises no question for determination where it fails to set forth, in substance at least, the contents of the document admitted. *Maxwell v. Rucker*, 127 *Ga.* 111 (56 S. E. 91).

*Judgment reversed. All the Justices concur, except Fish, C. J., absent, and* EVANS, P. J., and HILL, J., who dissent on the ground that the charge held to be erroneous, when considered in connection with its context, does not require a new trial.

JANUARY 15, 1916.

Equitable petition. Before Judge Edwards. Polk superior court. October 16, 1914.

*W. H. Terrell* and *Bunn & Trawick,* for plaintiff.

*W. E. Simmons* and *W. W. Mundy,* for defendants.