### 10647.  SOUTHERN STATES LIFE INSURANCE CO. v. MORRIS.

SMITH, J.  1. Where an applicant for life-insurance covenants in his application that the statements made to the medical examiner are true, and these statements are made a part of the contract of insurance and form the basis of the contract, any variation in any of them which is *material*, whereby the nature or extent or character of the risk is

changed, will void the policy, whether the statements are made in good faith or fraudulently. Civil Code (1910), § 2479; *Ætna Life Insurance Co.* v. *Conway,* 11 *Ga. App.* 562 (75 S. E. 915); *Supreme Conclave* v. *Wood,* 120 *Ga.* 328 (47 S. E. 940); *Empire Life Ins. Co.* v. *Jones,* 14 *Ga. App.* 647 (1) (82 S. E. 62).

(*a*) Generally the question of whether any such variation is material or whether the nature or extent or character of the risk is changed, is a question of fact to be determined by the jury. *Empire Life Ins. Co.* v. *Jones,* supra (3).

(*b*) Irrespective of whether an osteopath who attended and treated the insured about a year prior to his death was a physician under the statute law of Georgia, the materiality and truth of the negative answers of the insured to the questions in his application for insurance, (1) "Have you consulted a physician within the past five years?" and (2) "Have you now or have you ever had epilepsy?" were, under the facts in this case, questions for determination by the jury, since the evidence was in sharp conflict both as to whether the insured in fact had ever had epilepsy, and as to whether he knew the osteopath treated him for epilepsy rather than for some slight temporary ailment which the law does not consider in determining what constitutes attendance by or consultation of a physician. *Empire Life Ins. Co.* v. *Jones,* supra.

2. The excerpt from the charge complained of in the first ground of the amendment to the motion for a new trial is error in the use of the following language: "If you believe from the evidence in the case that within five years prior to May 10th, 1917, the date of the medical examiner's report, that Eugene Morris had consulted an osteopath or other physician, and had failed to disclose such information to the company, such information was material to have in passing upon the application for life insurance. Upon his failure to do that it would prevent a recovery upon the policy." The question, as already ruled above, as to whether the information was material or not, is generally an issue for the jury, but the plaintiff in error will not be heard to complain of this excerpt, as it was in his favor.

3. There is no merit in the complaint that the court erred in its charge, taken as a whole, in that nowhere in the charge did the court outline to the jury the specific issues of fact raised by the pleadings, or instruct them as to what were the points of actual controversy between the parties as they were defined by the pleadings. With the exception of the excerpt set out above, the charge of the court substantially and fully submitted to the jury all the issues in the case, and if any criticism of the charge could be made it would be that it was more favorable to the plaintiff in error than to the defendant in error.

4. Although there is conflict in the evidence, there was evidence to support the finding of the jury as to the liability of the insurance company; but, from a careful review of the evidence in the case, this court is of the opinion that there was no evidence to support the verdict finding damages and attorney's fees. The judgment of the court below is therefore affirmed upon the condition that at the time the remittitur is entered as a judgment of the trial court, the defendant in error will write off from the verdict the amount given as damages and attorney's fees; otherwise, the judgment is reversed.

*Judgment affirmed, on condition.   Jenkins, P. J., concurs.   Stephens, J., disqualified.*

DECIDED FEBRUARY 7, 1920.

Action on insurance policy; from Colquitt superior court—Judge Thomas.   May 17, 1919.

A. J. *Orme, Shipp & Kline, Donald P. Starr,* for plaintiff in error.

J. J. *Hill, Parker & Gibson,* contra.