13507.  BROWN, adm'r, *v.* MUTUAL LIFE INSURANCE COMPANY
OF NEW YORK.

STEPHENS, J.  1.  Statements made in an application for life insurance
will not, if false, void the policy issued thereon unless they were
material and operated to change the nature or character of the risk.
This materiality, when not indisputably established by the evidence,
is a matter for determination by a jury. *Supreme Conclave* v. *Wood*,
120 *Ga.* 328 (47 S. E. 940); Ætna Life Ins. Co. *v.* Moore, 231 U. S.
543, 554 (34 Sup. Ct. 186, 58 L. ed. 356); *Southern States Life In-
surance Co.* v. *Morris*, 24 *Ga. App.* 746 (102 S. E. 179); *Empire Life
Insurance Co.* v. *Jones*, 14 *Ga. App.* 647 (3) (82 S. E. 62); *Ætna Life
Ins. Co.* v. *Conway*, 11 *Ga. App.* 557 (75 S. E. 915); Park's Code (1910),
§§ 2479, 2480, 2481, 2499(a).

2.  A physician designated by a life-insurance company to examine ap-
plicants for life insurance acts as an agent of the company in receiving
answers to medical questions propounded to an applicant, and any
information given to the physician in answer to such questions is in-
formation to the company, although such information did not appear
in the application signed by the applicant and the application con-
tained answers giving information to the contrary. *Fair* v. *Metropoli-
tan Life Ins. Co.*, 5 *Ga. App.* 708 (63 S. E. 812); Insurance Co. *v.*
Mahone, 21 Wall. 152. In an action upon the policy the answers actu-
ally given by the applicant to the medical examiner, although in con-
flict with those contained in the written application signed by the ap-
plicant, may be placed in evidence by the testimony of one who heard
them at the time they were made to the medical examiner. Where
such statements by the applicant made to the medical examiner were
to the effect that the applicant had "malarial fever" about one year
before the time of the application and had been treated therefor by
two physicians whom she named, who were other than the physicians ·
whose names appear in the application as the only physicians who
treated her, such statements to the medical examiner were relevant
as evidence tending to establish information on the part of the in-
surance company affecting the materiality of the risk, and it was
therefore error to exclude them from evidence.

3.  Where in such a suit the insurance company, in addition to the defense
above stated, defended upon the ground that the applicant was not in
good health at the time the policy was delivered, evidence that the
agent of the company delivering the policy to the applicant had
knowledge of facts stated above in paragraph 2 of the syllabus, which
were not contained in the application, was relevant and material as

showing that the company at the time of the delivery of the policy had knowledge of facts which put them upon notice that the risk was impaired at the time of the delivery of the policy; and the exclusion of this evidence was error. *Johnson* v. *Ætna Ins. Co.*, 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92); *Mechanics &c. Ins. Co.* v. *Mutual &c. Asso.*, 98 *Ga.* 262 (25 S. E. 457).

4. Statements made by the applicant that the only diseases from which the applicant had suffered since childhood were one attack of " typhoid fever " for a period of four weeks twenty years before the date of the application, and " nervousness " for a period of three weeks sometime during the year prior to the date of the application, and that during the five years prior to the date of the application she had on a named date consulted only one physician, whose name is given, will, if false and untrue, create an. issue for determination by a jury, when taken in connection with the evidence erroneously excluded and other relevant evidence in the case.

5. The materiality of the alleged false representations made by the applicant being a conclusion and ordinarily a question for the jury, it was error to permit a medical officer from the home office of the company to testify that had the defendant company known of the falsity of the representations contained in the application, the company would not have accepted the risk. It was proper for such witness to testify to facts tending to establish the materiality of the representations alleged to have been made in the application as affecting the risk.

6. An official of the insurance company cannot testify as to the lack of knowledge on the part of the insurance company, or any of its officers other than himself, of the falsity of the representations made in the application.

7. This being a suit by the beneficiary against the insurer to recover on the policy, and a verdict having been found for the defendant as directed by the court, and the court having erred in certain rulings upon testimony as here indicated, it was error to overrule the plaintiff's motion for a new trial.

> *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
> DECIDED MARCH 1, 1923.

Action on insurance policy; from Ben Hill Superior court — Judge Gower.   March 18, 1922.

Application for certiorari was denied by the Supreme Court.

*A. J. & J. C. McDonald,* for plaintiff.

*Smith, Hammond & Smith, Quincey & Rice,* for defendant.