[No. 32972. Department Two. January 7, 1955.]

J. H. KNOWLES, *Plaintiff*, v. NATHAN BECKER *et al.*, *Respondents*, HOME CONSTRUCTING, INC., *Appellant*.[1]

*H. A. Martin*, for appellant.

*Allen, Hilen, Froude, DeGarmo & Leedy*, for respondents.

GRADY, C. J.—Respondents Becker owned an old building, which had been condemned by public authority. Appellant, Home Constructing, Inc., submitted an estimate of sixteen thousand to eighteen thousand dollars as the cost of remod-

[1]Reported in 278 P. (2d) 398.

eling the property. The work to be done was on a cost-plus basis. In order to finance the project, respondents had to secure a loan. Appellant commenced work about March 15, 1952. The court found that the authorization to do the work and furnish the materials was expressly conditioned upon respondents obtaining the finances required for the proposed remodeling. The building was elevated for a foundation to be constructed. Respondents were unable to borrow money to proceed further. On or about April 20, 1952, respondents directed that no further work be done. Remodeling work was continued by appellant until May 26, 1952, over the protest of respondents.

Knowles, who had furnished labor and materials, brought an action against respondents to recover therefor and to foreclose a lien on the real estate. Appellant, joined as a defendant, cross-complained against respondents to recover for labor performed and materials furnished. Respondents counterclaimed seeking to recover money they had paid to appellant. In portraying the events leading up to and culminating in the situation in which the parties found themselves, many witnesses testified, and thirty-nine exhibits were admitted. The testimony of the witnesses was in conflict. At the close of the case, the trial judge expressed himself briefly and realistically.

The findings of fact disclose that, prior to April 20, 1952, appellant furnished labor and materials for the remodeling work of the reasonable value of $4,997.03, which sum included taxes. The court found that respondents had paid appellant on account of labor and materials the sum of $5,382.91, and after balancing accounts gave judgment against appellant for $385.88. By stipulation of counsel, it has been agreed this latter amount should have been $285.88.

■ The appellant challenges many of the component parts of paragraphs of findings of fact. The findings in the main adopt the factual theory advanced by respondents as opposed to the conflicting factual theory advanced by appellant. The references to the statement of facts made by appellant in its brief have been examined. All of the material facts found by the court have evidence to support

them. In view of the conflicting testimony and the versions of the parties with reference to the weight to be given to the testimony of the several witnesses, we necessarily must place great reliance upon the views of the trial judge and apply the oft-repeated rule that findings will not be disturbed on appeal unless the evidence clearly preponderates against them.

We agree with the trial court that appellant should have ceased work on April 20th, and that it was not entitled to recover for anything done or furnished after that date. The payments made by respondents subsequent to April 20th were for labor and materials furnished prior to that date. The item of $285.88 was an overpayment thereon and recoverable on the counterclaim of respondents.

Appellant asserts that the payments made after April 20th were voluntary, with full knowledge of its claim, and that it was entitled to recover for all work done and materials furnished. In view of the finding of the court that all payments were made by respondents in the belief that they were for authorized work done and materials furnished by appellant prior to April 20th, and that the sum of $285.88 was an overpayment thereof, the doctrine of voluntary payment can have no application. Respondents intended to and did make payments on what they admitted they owed appellant, and any overpayment was made under a mistake of fact. The court properly held that the payments making up the item of $285.88 could not be applied on work or materials done or furnished after April 20, 1952.

The judgment is modified in accordance with the stipulation and, as modified, is affirmed. Respondents will recover costs on appeal.

SCHWELLENBACH, HILL, DONWORTH, and WEAVER, JJ., concur.