37629. LOWANCE *v.* DEMPSEY.

Decided May 8, 1959—Rehearing denied May 25, 1959.

594

*Smith, Field, Doremus & Ringel, Sam F. Lowe, Jr.,* for plaintiff in error.

*Wesley R. Asinof, Charles R. Smith, Garner & Sasseville,* contra.

TOWNSEND, Judge. ■ The defendant in error has filed a motion to dismiss the bill of exceptions on the ground that the same is moot in that, after the trial judge vacated his order of dismissal, the plaintiff voluntarily dismissed the case and paid the costs. The legal effect of the two acts is vastly different. The first amounted to a final settlement of the entire cause of action (see *Gregory* v. *Schnurstein*, 212 *Ga.* 497, 93 S. E. 2d 680), whereas the voluntary dismissal by plaintiff or the attorneys who filed the action has no such effect. The Civil Court of Fulton County does not have jurisdiction of personal injury actions and the plaintiff contended that not only was the automobile damaged in the sum of $815 of which the Civil Court of Fulton County did have jurisdiction but that in the collision he received personal bodily injuries for which he contends the defendant is liable but over which the Civil Court of Fulton County is without jurisdiction. Obviously then a paid off judgment for the property damage and an order of court reciting that the case had been settled and dismissed would bar the plaintiff's action for personal injuries. The decision is accordingly not moot, and the motion to dismiss the bill of exceptions is denied.

■ Code § 9-603 provides as follows: "If it be alleged by a party for whom an attorney appears that he does so without authority, the court may, at any stage of the proceedings, relieve the party for whom the attorney assumed to appear from the consequences of his acts, if fully satisfied such allegation is true." One is not bound by the acts of counsel not employed by him even though such counsel is employed by others for his benefit. *Brewer* v. *New England Mortgage Security Co.*, 144 *Ga.* 548 (2) (87 S. E. 657). The attorneys who filed the original action were, very properly, representing their client American Security Insurance Company, but they were not authorized by Dempsey to file this particular action, or any action, and Dempsey would not over proper objection be bound by their acts in such manner as would preclude him from prosecuting his action in the Superior Court of Fulton County, a court having exclusive jurisdiction of personal injury actions.

The loan receipt signed by the plaintiff to the American Security Insurance Company nowhere authorizes that insurance

company to commence and prosecute the action for the plaintiff, nor does it authorize the attorneys representing the insurance company to do so. On the other hand, the plaintiff obligates himself to promptly present his claim and if necessary to commence, enter into and prosecute a suit, and pledges any recovery to the said American Security Insurance Company as security for the repayment of the loan. Accordingly, the evidence in this record demands the finding that the action commenced in the Civil Court of Fulton County by the attorneys for the insurance company and in the name of the plaintiff was unauthorized and the plaintiff had the right as a matter of law to have that action dismissed without prejudice to him.

The trial judge did not err in overruling the demurrer to the plaintiff's motion to vacate the judgment of dismissal and in vacating such judgment.

*Judgment affirmed. Carlisle, J., concurs. Gardner, P. J., concurs specially.*

GARDNER, Presiding Judge, concurring specially. This case was originally assigned to me, and after the opinion had been written and sent to my distinguished associates on the Second Division of this court, one of the judges wrote a special concurrence which was agreed to by the other judge of this division. The special concurrence by the two judges then became the majority opinion and my original opinion thus became the special concurrence.

Without any sort of reflection upon my distinguished colleagues, I feel that my opinion reflects my view of the case so much more satisfactorily to me, therefore, I am adopting my original opinion as my concurring opinion. I have not changed the original opinion whatsoever except to substitute the first person singular, wherever necessary.

W. O. Dempsey (hereinafter called the plaintiff) filed in the Civil Court of Fulton County a suit for property damages against Dr. Mason I. Lowance (hereinafter called the defendant) same being damages to the plaintiff's automobile, and such damages alleged to have resulted from the defendant's negligence. This suit was filed December 15, 1958. To this action the said defendant filed no demurrers, no pleas and no defensive pleadings

whatever. On the first Monday in January of 1959, the defendant paid into the office of the clerk of said Civil Court of Fulton County the sum of $815, the amount of damages for which suit was brought, together with the costs then due the court. Thereafter, on January 6, 1959, the Honorable J. Wilson Parker, Judge of said Civil Court, rendered this order and judgment: "The within and foregoing suit having been paid off in full by the payment in the court of the full principal amount sued for . . . the first action is dismissed of record as settled."

Thereupon, on January 14, 1959, the plaintiff filed a petition and motion to have vacated the said order and judgment of the Civil Court of Fulton County rendered January 6, 1959. On January 26, 1959, the defendant filed his demurrer and also a motion to dismiss the petition of the plaintiff and to dismiss the motion to vacate filed by the plaintiff (which petition and motion sought to set aside the order and judgment of Judge Parker of said Civil Court rendered January 6, 1959). The trial court thereupon overruled such demurrer and motion interposed by the defendant seeking to dismiss the plaintiff's petition and motion wherein the plaintiff sought to set aside and vacate the order and judgment rendered by Judge Parker of the Civil Court of Fulton County on January 6, 1959.

The defendant then filed his response to such motion of the plaintiff in this case seeking to vacate the order of January 6, 1959, and thereafter, Judge J. Wilson Parker, presiding, rendered an order and judgment whereby he vacated such former order and judgment of January 6, 1959, same being within the term, and rendered the following final order and judgment in the premises: "The foregoing demurrer and motion to dismiss coming on regularly before me to be heard, after hearing argument of counsel for both parties, it is considered and adjudged that the same be overruled, and it is so ordered, this 26th day of January, 1959."

The court thereupon on the same day rendered this judgment: "The within and foregoing motion coming on to be tried, and evidence having been presented, and the court being of the opinion that the order of this court dated January 6, 1959, should be set aside and vacated as a matter of law, that the

court does not exercise any judicial discretion but holds that this judgment is demanded as a matter of law.

"It is therefore considered, ordered and adjudged that the order of this court dated January 6, 1959, be and the same is vacated and set aside and the clerk of this court is directed to refund to defendant the sums paid into court, including the cost. This 26th day of January 1959."

To the foregoing judgment, permitting said case to proceed in the trial court, the defendant excepted and assigned error thereon in the bill of exceptions to this court.

In my opinion the order and judgment of the Civil Court of Fulton County, Judge J. Wilson Parker presiding, were rendered within the same term and within the court's discretion, that they were not erroneous in any respect, were proper as a matter of law and the said order and judgment should be affirmed.