41127. BARKER v. FEDERATED LIFE INSURANCE
COMPANY.

DECIDED FEBRUARY 9, 1965.

*Guy B. Scott, Jr.,* for plaintiff in error.
*Erwin, Birchmore & Epting, Nicholas P. Chilivis,* contra.

HALL, Judge. The evidence showed that the plaintiff's wife was hospitalized in 1961 from January 3 to March 15, and the plaintiff filed a claim with Federated Mutual, including a physician's certificate dated April 27, 1961, stating that the plaintiff's wife was treated for "metastatic carcinoma with pathological fracture of right femur," and that she had been treated in 1958 by "radical mastectomy, right." This claim was filed on May 26, and paid on September 26, 1961, after Federated Mutual checked to determine whether there was a relation between the condition for which she had been treated in 1958 and the

condition for which she was hospitalized in 1961. The patient was again admitted to the hospital on March 18, 1961, and remained there until November 23, 1961. The plaintiff filed a claim with Federated Mutual for this hospitalization including the physician's statement dated November 16, 1961, that the "nature of sickness or injury" was "metastatic carcinoma." This claim was filed on January 19 and paid ($880) on January 25, 1962.

A physician's testimony was that the plaintiff's wife's disease was cancer that had spread to the bones of the body from an origin in another organ of the body; that he first noticed bone fractures by X-ray examination on March 18, 1961; that bone fractures are normally expected in this disease; and that the fractures he observed in this patient were in his opinion due to the disease, whether or not the patient might have had a fall or trauma; and that all her treatment during both hospitalizations was for cancer.

The defendant contends that Federated Mutual's payment of the second claim was made in error because the policy provides that hospitalization benefits are payable for a maximum of 70 days during any one period of confinement, and "Successive periods of confinement shall be considered one period of confinement unless: 1. the subsequent confinement commences after return to active full-time work and after complete recovery from the injury or sickness causing the previous confinement, or 2. the subsequent confinement is due to causes entirely unrelated to the causes of the previous confinement."

The general authorities conclude from decided cases that an insurer who makes a payment under a mistake of fact may recover such payment, even if its mistake was due to its lack of care, unless the payee has so changed his position that it would be unjust to require a refund. 6 Appleman, Insurance Law and Practice 468, § 4010; 8 Couch, Cyclopedia of Insurance Law 6496, § 1954; 29 Am. Jur. 785, Insurance, § 1705; 40 Am. Jur. 848, Payment, §§ 194, 195; 46 CJS 142, Insurance, § 1203; 70 CJS 367-370, Payment, § 157. "This principle is subject to the limitation that no recovery can be had by the insurer where, at the time payment was made, there was some doubt as to the

existence of the fact from which the obligation of the insurer arose." Anno. 167 ALR 470, 472.

In Georgia we have codified law applicable to such cases: "Payments of taxes or other claims, . . . where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary and cannot be recovered back unless [exceptions stated not applicable to the present case] . . ." *Code* § 20-1007. The Georgia Supreme Court has held that under this Code section when one pays money by mistake without a valid reason for failing to ascertain the truth, he cannot recover the payment. *Atlanta Coach Co. v. Simmons,* 184 Ga. 1, 7 (190 SE 610); *Citizens Bank of Fitzgerald v. Rudisill,* 4 Ga. App. 37, 41 (60 SE 818); cf. *New York Life Ins. Co. v. Williamson,* 53 Ga. App. 28, 36 (184 SE 755); *Dobbs v. Perlman,* 59 Ga. App. 770, 774 (2 SE2d 109). Accord *Rome Grocery Co. v. Greenwich Ins. Co.,* 110 Ga. 618, 622 (36 SE 63). (The Code section applied in the *Rome Grocery Co.* case, Code of 1895, § 2113 (Code of 1933, § 56-705), was repealed by the Georgia Insurance Code, Ga. L. 1960, pp. 293, 755).

In the present case the claims filed with the insurer for the first and second periods of hospital confinement both stated that the plaintiff's wife had metastatic carcinoma. The evidence did not as a matter of law demand a finding that the defendant had a valid reason for failing to ascertain the truth when it paid the plaintiff's second claim. The trial court erred in directing a verdict favorable to the defendant's cross action rather than submitting this issue to the jury, and in overruling the plaintiff's motion for new trial complaining of the verdict directed.

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*