## 44631. AETNA LIFE INSURANCE COMPANY v. CASH.

---

[1]See and compare Columbia Nitrogen Corp. v. Struthers Well Corp. (S.D. Ga. Dec. 1969)    F. Supp.

ARGUED SEPTEMBER 11, 1969—DECIDED JANUARY 8, 1970.

*Bryan, Carter, Ansley & Smith, M. D. McLendon, Shepard B. Ansley,* for appellant.

*Hutcheson, Kilpatrick, Watson, Crumbley & Brown, John L. Watson, Jr.,* for appellee.

QUILLIAN, Judge. 1. Under the provisions of the Aetna policy the appellee, Cash, would not have been entitled to the $1,884.08 paid for his wife's medical expenses if the same expenses had previously been paid by another insurance company. Cash contends that he is entitled to retain the $1,884.08 because his wife did not actually have coverage under the Pilot policy and Aetna may not take advantage of the payment made by Pilot whether made deliberately or through error.

Cash insists that his wife did not have coverage under the Pilot policy because she had coverage for the same expenses under the provisions of the Aetna policy in which Rich's, Inc., was the "policyholder." He bases his position on the clause of the Pilot policy which provides: "If the effective date of this policy is prior to the expiration date of any similar policy covering the same loss issued by Pilot Life or another company to the policyholder, the insurance hereunder with respect to any person who is insured under such similar policy shall not become effective until the day immediately following the expiration of his insurance under such similar policy."

The intent of this provision was that if the School Superintendent ("the policyholder") held another policy which provided the same type coverage for the school personnel ("covering the same loss"), this Pilot policy would not become effective as to such personnel until the day immediately following the expiration of the other policy.

The appellee, Cash, argues: "Here, the clear intent of the verbiage of the contract of insurance was that any person who was insured under the Pilot policy would not be paid by Pilot if they were insured under any other policy of insurance, which was in effect at the time of the injury."

We cannot agree with appellee's contention. The clause of the policy did not state that Pilot would not provide coverage if the person insured had the same coverage under any other insurance policy. It only provided that there would be no payment if the insured had the same coverage under another policy which had been issued to the "policyholder" of the policy in

question, being in this case the School Superintendent. Therefore the fact that insured had the same coverage under another policy issued to a different "policyholder," Rich's, Inc., would not under the clause in question affect the coverage of the Pilot policy.

2. Before the plaintiff would be entitled to summary judgment, it must prove it had no knowledge of the insurance policy and payments made under the Pilot Life policy at the time of paying under its policy, and for the defendant to assume a summary judgment, the defendant must prove that Aetna Life Insurance Company, plaintiff, paid with notice of the Pilot Life policy and the payments made thereunder. *Code* § 20-1007.

There was an affidavit of the assistant supervisor of Atlanta Group Claim Department of Aetna which stated that the claim was paid by Aetna without knowledge of any other policy or that payments had been made under any other policy. However, this was not sufficient to prove Aetna's lack of knowledge. "An official of the insurance company cannot testify as to the lack of knowledge on the part of the insurance company, or any of its officers other than himself, of the falsity of the representations made in the application." *Brown v. Mutual Life Ins. Co.*, 29 Ga. App. 794 (6) (116 SE 559). See *Bush & Hathaway v. McCarty Co.*, 127 Ga. 308 (6) (56 SE 430, 9 AC 240); *Slaughter v. Heath*, 127 Ga. 747, 759 (57 SE 69, 27 LRA (NS) 1); *Brewer v. New England Mortgage Security Co.*, 144 Ga. 548 (4) (87 SE 657).

There being a lack of evidence on the issue of Aetna's knowledge or lack of knowledge that Mrs. Cash was covered for the same loss by another policy, neither party was entitled to a summary judgment.

The trial judge was correct in denying the plaintiff's motion for summary judgment but erred in granting the defendant's motion.

*Judgment affirmed in part; reversed in part. Pannell, J., concurs. Evans, J., concurs specially.*

EVANS, Judge, concurring specially. I concur in the judgment rendered in this case, but since I do not concur in all that is said in the opinion, I feel constrained to explain the

reasons for my concurrence. I do concur in the reversal in that no summary judgment should be granted.

1. The basis for the granting of the motion for summary judgment appears to depend upon certain affidavits. "Affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Code Ann.* § 81A-156 (e); *Hancock v. Hancock,* 223 Ga. 481, 487 (156 SE2d 354). There are two affidavits in the record here by one Larry Styles. The said Styles testifies by affidavit that he is *"Assistant Supervisor of Atlanta Group Claims Department, Aetna Life & Casualty Insurance Co.,* Atlanta, Georgia." He then makes positive statements about the "Aetna Life Insurance Co. issuing a group insurance policy" but fails anywhere in his deposition to show that he is authority for any of the statements he has made about the Aetna Life Insurance Company policy. Therefore none of the evidence in these affidavits in regard to Aetna Life Insurance Company is acceptable since he says he is the "Assistant Supervisor of Atlanta Group Claims Department, Aetna Life & Casualty Insurance Company." Thus he nowhere in his deposition states that he has any authority or knowledge whereby he had anything to do with Aetna Life Insurance Company and/or the claimant or dependent of the claimant within his knowledge. "An official of the insurance company cannot testify as to the lack of knowledge on the part of the insurance company, or any of its officers other than himself, of the falsity of the representations made in the application." *Brown v. Mut. Life Ins. Co.,* 29 Ga. App. 794 (6) (116 SE 559). See also *Mutual Benefit Health &c. Assn. v. Bell,* 49 Ga. App. 640 (5) (176 SE 124); *Metropolitan Life Ins. Co. v. Marshall,* 65 Ga. App. 696, 705 (16 SE2d 33); *Patterson v. Cotton States Mut. Ins. Co.,* 221 Ga. 878, 881 (148 SE2d 320), and cases cited therein.

2. Moreover, under *Code* § 20-1007 before the lower court would have been authorized to issue summary judgment in favor of the insurance company it would have to be shown that Aetna Life Insurance Company had not made "payments

of . . . claims . . . where the facts are all known" since the deponent Styles stated "Aetna Life Insurance Company, without knowledge of any other policy providing benefits and without knowledge of any claim being filed for benefits under another policy, and without knowledge that benefits had been or were to be paid under another policy, pursuant to the said application of the insured paid" an amount under their policy. Where one pays money by mistake without a valid reason for failing to ascertain the truth, he cannot recover the payment. *Barker v. Federated Life Ins. Co.*, 111 Ga. App. 171 (141 SE2d 206).

The general rule appears to be that if a claim is paid and the party fails to ascertain the truth such payments are voluntary and cannot be recoverable. *Atlanta Coach Co. v. Simmons*, 184 Ga. 1, 7 (190 SE 610).

Judge Hall in the *Barker* case, supra, points out that while the rule was formerly different as to insurance companies as shown in *Rome Grocery Co. v. Greenwich Ins. Co.*, 110 Ga. 618, 622 (36 SE 63), nevertheless, the Code section upon which the *Rome* case was based (Code of 1895, § 2113; Code of 1933, § 56-705), has been repealed by the Georgia Insurance Code (Ga. L. 1960, pp. 289-755). Therefore, the *Atlanta Coach Co.* case, supra, is controlling in its application of *Code* § 20-1007. It follows that *Code* § 20-1007 has not been complied with so as to authorize the lower court to issue summary judgment in favor of the insurance company.

3. The language of the policy (Aetna) is not at all clear, and is, in my opinion, ambiguous. The policy writers have employed much verbiage which they claim allows them to reduce their benefits whereby "the benefits of a plan which covers the person on whose expenses claim is based other than as a dependent will be determined before the benefits of a plan which covers such person as a dependent." What plan? Does this mean other coverage by other insurance policies? This is not clear.

I think summary judgment should have been denied in both instances and that the court erred in granting summary judgment for one party. I therefore fully concur in the judgment rendered in this case.