Arnold W. Proskin, J.
This is an action in equity, tried before the court without a jury.
The plaintiff (hereinafter referred to as Allcity), a domestic insurance corporation, doing a business in automobile insurance policies, issued an insurance policy on a 1969 Oldsmobile automobile owned by the defendant Donna Stone. That policy covered the period commencing with an effective date of November 1, 1969 and terminating November 1, 1970. The coverage included "collision” insurance, the proceeds of which were payable to either defendant Stone or defendant Bankers Trust (formerly known as First Company of Albany) as "loss payee”. On August 26, 1970 Allcity mailed to Stone a notice of nonrenewal and the policy was terminated on November 1, 1970, pursuant to the provisions of section 167-a of the Insurance Law and section 313 of the Vehicle and Traffic Law. The previously insured vehicle was damaged in a collision on December 9, 1970, and Stone and Bankers Trust made a claim under the policy, although it had been terminated. On March 24, 1971, Allcity paid $982.42 to Bankers Trust under the loss payee clause of the terminated policy. Bankers Trust, in reliance upon the payment made by Allcity, released its security interest in Stone’s automobile and discharged the debt owed by Stone. Allcity commenced this action to recover the amount paid to Bankers Trust, admittedly by its own error, against Stone, its former insured, and the Bank.
Plaintiff argues that Bankers Trust and Stone should not benefit from its error in paying the claim presented by the defendants after the policy had terminated. The defendants resist, arguing that erroneous payment by an insurance company does not necessarily give rise to a right of the carrier to recover the amount of the mistaken payment. Bankers Trust asserts the rule applicable to it is that where the payee has *901 changed its position in reliance upon the payment such payee may not be required to return the payment. Defendant Stone argues that Allcity made a voluntary payment to Bankers Trust and that she cannot be held for Allcity’s mistaken payment.
The court finds, as matters of fact, that the policy issued by plaintiff to defendant Stone was not in effect at the time of payment, having been terminated in accordance with the provisions of law; that the sum of $982.42 was paid by Allcity to Bankers Trust, by virtue of an error; that neither defendant committed any act of fraud; that Bankers Trust released its security interest in the vehicle owned by Stone, in reliance upon the payment received from Allcity.
Upon the facts before the court, Allcity shall have judgment against defendant Stone and Bankers Trust is awarded judgment against Allcity. The principles of law applicable to this case, while founded on older decisional law, are still valid. When an insurer, or any payor, pays out money by reason of a mistake of fact, it may recover its erroneous payment in an action in equity. (See i.e., Masonic Life Assn. of Western NY v Crandall, 9 App Div 400, 404; see generally 44 NY Jur., Payment, § 96, pp 7-9; 31 NY Jur., Insurance, § 1606, pp 485-489.) The facts of this case are that the plaintiff paid out the claim by reason of a mistake of fact and the plaintiff was not a mere volunteer. There is an exception to this general rule, however, and it is applicable to the case at bar. When a payment has been made, even if induced by a unilateral mistake, it may not be recovered when the payee has changed his position, to his detriment. (See generally 31 NY Jur., Insurance, § 1606, pp 485-486; 44 NY Jur., Payment, § 106, pp 31-36.) This rule applies to the position of Bankers Trust, as it released its security interest in the defendant Stone’s automobile after applying the sum .paid to it by Allcity against the debt owed by Stone. Thus, plaintiff cannot recover as against Bankers Trust.
As against defendant Stone, however, Allcity has a right to recover the full amount of the payment. This defendant derived a substantial benefit from Allcity’s mistaken payment and has suffered no change in position which would render recovery by Allcity inequitable or unfair. In Alliance Assur. Co. v McNamara (279 App Div 978) the Appellate Division, Fourth Department, noted that an insurance company which had paid a claim based upon a mistake as to the life of the *902 policy had a right to litigate to recover the payment. In dictum that court noted that it was then the defendant’s obligation to come forward with an equitable argument defeating recovery.. (Id.) In a more recent case, an insurer was granted judgment against one who received payments based upon a mistake of fact, where the defendant had failed to produce evidence as to a change of position. (See Graphic Arts Ins. Co. v Monello, 41 Misc 2d 943.) Inasmuch as defendant Stone has produced no evidence as to a change of position to her detriment in reliance upon the mistaken payment by Allcity to Bankers Trust, and she did derive a benefit therefrom, equity demands that she reimburse Allcity.
While plaintiff has sought interest on the sum erroneously paid in March, 1971, it would be inequitable to grant this relief. The error which necessitated this litigation was the plaintiff’s and it would be unfair to charge defendant Stone with the lost interest. (CPLR 5001, subd. [a].) The same is true as to the costs of the action and these are denied plaintiff pursuant to CPLR 8101.
Defendant Bankers Trust, the prevailing party as against Allcity, shall have costs and disbursements pursuant to CPLR 8101.