## 53566. YEARGIN et al. v. FARMERS MUTUAL INSURANCE ASSOCIATION OF WALKER COUNTY, GEORGIA.

MARSHALL, Judge.

This appeal arises out of the grant of summary judgment in favor of the appellee, plaintiff below. The appellants enumerate as the sole error the grant of summary judgment.

The facts show that on April 11, 1975, Mrs. Yeargin purchased a house and lot from a Mr. and Mrs. Tidwell, on which there was a loan payable to the second appellant, Mr. Moore. There was a fire insurance policy in effect issued by Farmers Mutual in the amount of $6,000,

payable to Mr. Moore. On the date of the purchase, Farmers Mutual was notified of the sale, and appellee reissued the policy in the same amount to Mrs. Yeargin and Mr. Moore. The policy was mailed to Mrs. Yeargin, but was never received by her. That policy contained a clause which prohibited Mrs. Yeargin from obtaining additional insurance on the property without the consent of an appropriate officer of the insurer. On April 24, 1975, Mrs. Yeargin obtained a second policy of fire insurance with Cotton States Mutual Insurance Company, in the amount of $7,500. On May 9, 1975, a fire occurred at the house, resulting in substantial damage. Mrs. Yeargin obtained three estimates on repairs, one for $3,059.32, one for $3,577.75 and the third for $8,195.26. Mrs. Yeargin submitted these estimates to Farmers Mutual and that association accepted the lowest bid and issued Mrs. Yeargin a check for $3,009.52, the lowest bid less $50 deductible. Mrs. Yeargin also submitted bids to Cotton States and was paid $3,577.75 for the same loss. After making payment to Mrs. Yeargin, Farmers Mutual became aware of the double insurance coverage and made demand for return of its payment. Upon refusal by Mrs. Yeargin, the present complaint was filed. In support of its motion for summary judgment, Farmers Mutual filed a stipulation of facts establishing basically the above facts. It also presented an affidavit showing that no officer or employee of the association was aware of the second policy of insurance on the property prior to payment based upon its own policy of insurance.

Farmers Mutual argues that as a matter of public policy and based upon a now-repealed statute, the second policy of insurance upon the same risk voided the first policy in the absence of the consent of Farmers Mutual to the second policy. Alternatively, Farmers Mutual argues that the taking of the second policy breached the terms of the contract and rendered the association nonliable for any payment for a loss of property under the breached contract of insurance. Mrs. Yeargin argues that the public policy and statutory bases for the argument of Farmers Mutual are no longer extant, and that her rights are governed by simple contract law. Her argument continues that, inasmuch as she had never seen the policy issued by

Farmers Mutual, she could not be bound by the terms of the policy, and had not consented nor could she consent to be bound by contractual limitations that she had never seen. *Held:*

1. The simple answer to her contention is that Mrs. Yeargin adopted the contract when she ratified and accepted the terms of the contract of insurance issued by Farmers Mutual. She invoked the coverage and accepted payment of $3,009.52. Having elected to seek the fruits of the policy, she is bound by the limitations and conditions thereof. She cannot ratify in part and repudiate in part, but had to adopt the policy as a whole or not at all. *American Ins. Co. v. Hattaway,* 194 Ga. 15, 19 (20 SE2d 406) (1942); *H. Y. Akers & Sons v. St. Louis Fire &c. Ins. Co.,* 120 Ga. App. 800, 804 (172 SE2d 355) (1969); *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309, 311 (138 SE2d 433) (1964). The fact is undisputed that Mrs. Yeargin did not obtain the consent of Farmers Mutual at any time, either before or after taking out the second policy of fire insurance with Cotton States. This breached the terms of the contract. In view of the separate bids submitted to the two insurance companies and the acceptance of the two payments of insurance based upon these bids, the evidence supports the conclusion that Mrs. Yeargin has collected double insurance on the same property loss.

2. Mrs. Yeargin further argues that Farmers Mutual made a voluntary payment and therefore is not entitled to recover the payment, citing Code Ann. § 20-1007. However, Farmers Mutual established the element of lack of knowledge by its affidavit that none of its officers or employees was aware of the second policy of insurance issued by Cotton States. The affidavit as signed was a statement of lack of such knowledge by all its officers and employees. See *Aetna Life Ins. Co. v. Cash,* 121 Ga. App. 8, 11 (2) (172 SE2d 629) (1970). The facts before the trial judge reflect that Farmers Mutual was not possessed of all facts, and misplaced its confidence in the validity of the claim. Under these facts, it was entitled to demand return of its erroneous payment. See *Werner v. Rawson,* 89 Ga. 619, 629 (15 SE 813) (1892); *Logan v. Sumter,* 28 Ga. 242 (2) (1858); *Hunt v. Burk,* 22 Ga. 129,

130 (1857); *Cloppas v. C. & S. Bank,* 95 Ga. App. 365, 368 (98 SE2d 153) (1957).

3. In this case, the appellee has met its burden of showing the absence of any genuine issue of material fact. Under the applicable principles of substantive law it is entitled to judgment as a matter of law. *Raven v. Dodd's Auto Sales &c., Inc.,* 117 Ga. App. 416 (160 SE2d 633) (1968); *Holland v. Sanfax Corp.,* 106 Ga. App. 1,4 (126 SE2d 442) (1962). The trial judge did not err in granting summary judgment.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MARCH 2, 1977 — DECIDED APRIL 21, 1977.

*McCamy, Minor, Phillips & Tuggle, Joseph T. Tuggle, Jr., John P. Neal, III,* for appellants.
*Bolling & Bolling, Walter H. Bolling,* for appellee.