[No. 4886–8–II.   Division Two.   November 30, 1982.]

MID–CENTURY INSURANCE COMPANY OF WASHINGTON, *Respondent,* v. LAREN BROWN, *as Personal Representative,* ET AL, *Appellants.*

*Kenneth W. Weber,* for appellants.

*Dennis R. Duggan,* for respondent.

PETRICH, J.—Mid–Century Insurance Company of Washington (Mid–Century) initiated this declaratory judgment action to determine who was entitled to $15,000 in automobile liability coverage on a policy issued to Kenneth Burk. Claimants are the defendants Laren Brown as personal representative of the estate of Larry Brown (Brown), deceased, who was killed January 14, 1976, in a collision with Burk's car, and Allstate Insurance Company (Allstate), Brown's insurer who, believing Burk's policy was canceled for nonpayment of premiums, had previously paid $15,000 to the Brown estate under its uninsured motorist clause. This case was submitted to the trial court on stipulated facts. The trial court, while rejecting Allstate's contention that it was entitled to the $15,000 on a theory of unjust enrichment and mutual mistake of facts as to Burk's insured status, granted summary judgment on its additional contention that it was entitled to pro tanto subrogation rights under the trust agreement provisions of its policy. In rejecting Allstate's claim of unjust enrichment and mutual mistake, the trial court agreed with Brown that Allstate's payment, in performance of a contractual duty with knowledge of the facts on which the claim was based, amounted to a waiver of any right to dispute Burk's insured

status and was a voluntary nonrecoverable payment.

Brown appeals, claiming that Allstate's right to subrogation under the policy would only arise after Brown was fully compensated for damages sustained which in this case exceeded $50,000. Allstate cross–appeals, claiming the trial court erred in rejecting its theory of unjust enrichment and mutual mistake.

We believe there is a question as to the appropriateness of the basis for the trial court's ruling. Nevertheless, where the judgment is correct it will be sustained if it can be based on any appropriate ground within the established facts. *Ertman v. Olympia,* 95 Wn.2d 105, 621 P.2d 724 (1980); *Dixon v. Gustav,* 51 Wn.2d 378, 318 P.2d 965 (1957). We therefore affirm the judgment below for the reason that Allstate's payment, based on a unilateral mistake of fact, is recoverable under unjust enrichment. We specifically decline to rule on whether the provisions of the trust agreement in Allstate's policy entitle it to pro tanto subrogation rights.

Immediately following the collision and Larry Brown's death, neither Brown nor Allstate knew whether Burk or his vehicle was insured. The possibility that Burk was uninsured arose within days of the collision when Burk's wife advised Allstate that Burk was supposed to be insured but there was uncertainty as to whether the latest premium payment had been made. In the latter part of January, Allstate contacted Burk's insurance agent who advised that Burk had been insured by the plaintiff, an affiliate of Farmers Insurance Group, but that the policy had lapsed the previous November because of unpaid insurance premiums. Written confirmation was requested and the agent promised to confirm after additional investigation of the coverage question. By February 3, Allstate was satisfied that Burk was entirely responsible for the collision and needed only written confirmation of Burk's uninsured status from the plaintiff or its affiliate to process an anticipated uninsured motorist claim that Brown's attorney had previously discussed with Allstate.

On March 1, a representative of Farmers Insurance Group advised Allstate that written confirmation of Burk's uninsured status would soon be issued. By the middle of March, Allstate authorized its adjuster to pay the policy limit of $15,000 for its uninsured motorist coverage. Brown's attorney disputed the $15,000 limit claiming that Brown was entitled to stack the uninsured motorist limits to $30,000 because two uninsured motorist premium charges had been paid for two vehicles insured under the policy. By March 31, written confirmation of Burk's insurance status from the plaintiff or its affiliate had not been received. Farmers' representative again advised Allstate that written response would be in the mail as soon as possible.

Brown and Allstate remained in dispute as to whether stacking of the uninsured motorist endorsement would apply; so by agreement, $15,000 was paid to Brown without a full release and the remaining $15,000 was to be resolved by arbitration. While preparing for the arbitration hearing, Allstate's attorney discovered that the plaintiff's policy issued pursuant to the Financial Responsibility Act had not been canceled because of failure to notify the Department of Motor Vehicles as required by RCW 46.29.500. With this discovery Allstate demanded and was refused repayment of the $15,000 from Brown. The plaintiff, acknowledging its liability to pay the policy limits of $15,000 but being uncertain as to the proper payee, initiated this declaratory judgment action.

■ It is a widely accepted rule of law that an insurance company which makes payment under a policy because of an erroneous belief induced by a mistake of fact that the terms of the insurance contract required such payment is entitled to restitution from the payee. *Great Am. Ins. Co. v. Yellen*, 58 N.J. Super. 240, 156 A.2d 36 (1959); *Allcity Ins. Co. v. Bankers Trust Co.*, 80 Misc. 2d 899, 364 N.Y.S.2d 791 (1975); *Pilot Life Ins. Co. v. Cudd*, 208 S.C. 6, 36 S.E.2d 860, 167 A.L.R. 463 (1945); *International Ins. Co. v. Jataine*, 495 S.W.2d 309 (Tex. Civ. App. 1973); *Singer v.*

*St. Paul Mercury Ins. Co.,* 478 S.W.2d 579 (Tex. Civ. App. 1972). *See also* 6 J. Appleman, *Insurance* § 4010, at 748 (1972 & Supp. 1981); Annot., 167 A.L.R. 470 (1947). For similar authority not exclusively with respect to insurance contracts, *see* 13 S. Williston, *Contracts* § 1574 (3d ed. 1970); 66 Am. Jur. 2d *Restitution and Implied Contracts* §§ 118–44 (1973); 70 C.J.S. *Payment* § 157(a) (1951).

The affidavits, files, and memorandum before the trial court create no doubt that Allstate paid Brown because of a mistake of fact.

Recovery under the above rule is grounded on the theory of unjust enrichment, and that to do otherwise would go against equity, good conscience, and natural justice. The substance of an action for unjust enrichment lies in a promise, implied by law, that one will render to the person entitled thereto that which, in equity and good conscience, belongs to him. *Hedin v. Roberts,* 16 Wn. App. 740, 559 P.2d 1001 (1977).

Exceptions to the general rule are triggered (1) if the payee so changed positions because of the mistaken payment that it would be unfair to require a refund, *e.g., Allcity Ins. Co. v. Bankers Trust Co., supra; International Ins. Co. v. Jataine, supra,* or (2) if the insurer agreed to "assume the risk of mistake," *e.g., Great Am. Ins. Co. v. Yellen, supra.* As to the first exception, Brown has not changed her circumstances so that Allstate's recovery would work an inequitable result. If Burk's insured status had been accurately determined initially, Brown would have been entitled to no more than that received by the mistaken payment from Allstate. An award to Allstate in this action leaves Brown in the same position she was entitled to under Mid–Century's policy.

As to the second exception, we first note the interpretation one authority has given to it. To assume the risk of mistake means that "no recovery can be had where there is some doubt as to the existence of the fact from which the obligation arises, since payment will be considered as in the nature of a compromise of a dubious liability." Annot., 167

A.L.R. 470, 476 (1947). Here, Allstate believed that the "fact" creating its obligation was Burk's uninsured status. Mid–Century told Allstate on January 16 that Burk's policy had lapsed well before the accident; from that point on, Allstate attempted to obtain written confirmation of this fact. This attempt to gain written confirmation, however, does not mean that Allstate doubted Brown's claim when it paid the uninsured motorist coverage without getting such confirmation. Rather, the stipulated facts, affidavits, and memorandum before the court clearly reflect that Allstate was certain of its liability and, conversely, was not making payment in the nature of a compromise of a dubious liability.

Even Brown admitted in her trial memorandum that as of March 24, 1976, Allstate had made a sufficient investigation in its own mind so that it did not dispute the availability of uninsured motorist coverage—any dispute was over stacking and the deductibility of PIP payments. The court reached a similar conclusion in its memorandum opinion stating that "[b]ased on information supplied by the sales agent, . . . and Mid–Century's own claims office, Allstate believed Burk's policy of insurance had lapsed in November 1975", and, "Allstate, having satisfied itself as to the non–existence of insurance coverage on Burk, had a contractual duty to pay . . . under its uninsured motorist coverage." Because there is no issue of fact as to Allstate's assuming the risk of mistake, Allstate should therefore be granted recovery under summary judgment.

■ Brown also argues that Allstate may not recover its payment because it waived its right to dispute Burk's status when it paid the uninsured motorist coverage. A waiver, of course, is the voluntary relinquishment of a *known* right. *Buchanan v. Switzerland Gen. Ins. Co.,* 76 Wn.2d 100, 108, 455 P.2d 344 (1969). It follows that one cannot waive that which he does not know or where he has acted under a misapprehension of facts. *E.g., International Ins. Co. v. Jataine, supra.*

■ Finally, Brown argues that money paid under a

claim of right with knowledge of the facts on which the claim is based is voluntary and nonrecoverable. *See Hawkinson v. Conniff,* 53 Wn.2d 454, 334 P.2d 540 (1959). This rule, however, is dependent upon knowledge of the facts. If indeed there was a misapprehension of the facts, the rule of voluntary payment has no application. *Knowles v. Becker,* 46 Wn.2d 77, 278 P.2d 398 (1955). *See also Yeargin v. Farmers Mut. Ins. Ass'n,* 142 Ga. App. 76, 234 S.E.2d 856 (1977).

In this case, the pleadings, stipulated facts, affidavits, and memorandum before the court demonstrate there is no genuine issue as to any material fact. Therefore, under summary judgment Allstate is entitled to recover from Mid–Century the payments made to Brown by Allstate under its uninsured motorists coverage to the limits of Mid–Century's insurance policy. We consequently need not discuss the pro tanto subrogation issue by which the lower court reached the same ultimate result as another ground, which has been pleaded and argued, supports the judgment.

The judgment is affirmed for the reasons stated herein.

REED, C.J., and WORSWICK, J., concur.

Reconsideration denied February 4, 1983.

Review denied by Supreme Court April 1, 1983.