[No. 4944–9–II.   Division Two.   January 28, 1983.]

HOMEMAKERS UPJOHN, *Appellant,* v. SHARON RUSSELL, *Respondent.*

*Darrel Addington* and *James Verellen,* for appellant.

*Eugene Arron,* for respondent.

*Kenneth O. Eikenberry, Attorney General,* and *Carol N. Pidduck, Assistant,* for State.

PETRICH, C.J.—Homemakers Upjohn, employer of re–spondent, Sharon Russell, appeals the Superior Court's order of dismissal for lack of jurisdiction of its appeal from the Board of Industrial Insurance Appeals (Board) order finding an industrial injury. The issue presented is whether an employer, who neglects to petition the Board for review of a hearing examiner's reversal of the Department of Labor and Industries (Department) denial of employee benefits, is entitled to seek judicial review of the Board's decision, based on matters raised by the Department's petition for review, where the Department is precluded from appealing because the issues raised in its petition are purely factual. Although an appeal by any party to superior court may lie when there has been a petition for review of the hearing examiner's proposed decision, only those mat-ters not waived may be reviewed. Since here the failure by the employer to file a petition for review of the hearing examiner's proposed order amounts to a waiver of all errors now sought to be reviewed, there is nothing for the court to review and the lower court's dismissal is affirmed.

On July 24, 1978, the Department rejected Sharon Rus-sell's workers' compensation claim because it concluded that no industrial injury had been sustained. Upon appeal, the Board's hearing examiner's proposed decision and order reversed the Department's order and remanded the case for further proceedings. The Department petitioned for review and challenged the examiner's factual determination. The plaintiff–employer, who was not represented by counsel at these proceedings, did not file a petition.

The Board denied the Department's petition and adopted the proposed decision and order as the final order of the Board. A copy of the Board's denial was mailed to all concerned parties and stated in part that "any party may . . . appeal to the Superior Court as provided by RCW 51.52.110." Although the Department was precluded from

pursuing a factual appeal,[1] plaintiff appealed on the same factual grounds as originally set forth in the Department's petition. However, Russell then persuaded the court that RCW 51.52.104, .106, and .110 allowed the right of appeal only to those parties who actually petitioned for review and that the court had no jurisdiction because of plaintiff's failure to so petition. Plaintiff now appeals the court's order of dismissal.

This case focuses exclusively on three statutes. Former RCW 51.52.104 reads in part:

> The hearing examiner shall file the original of the proposed decision and order, signed by him, with the board, and copies thereof shall be mailed by the board to each party to the appeal and to his attorney of record. Within twenty days, . . . any party may file with the board a written petition for review of the same. Such petition for review shall set forth in detail the grounds therefor and the party or parties filing the same shall be deemed to have waived all objections or irregularities not specifically set forth therein.
>
> In the event no petition for review is filed as provided herein by any party, the proposed decision and order of the hearing examiner shall be adopted by the board and become the decision and order of the board, and no appeal may be taken therefrom to the courts.

RCW 51.52.106 then gives the Board discretion to either deny or grant the petition. RCW 51.52.110 in pertinent part states the following:

> Within thirty days after a decision of the board to deny the petition or petitions for review upon such appeal has been communicated to such worker, beneficiary, employer or other person, . . . such worker, beneficiary, employer or other person aggrieved by the decision and order of the board may appeal to the superior court.

Plaintiff bases its argument primarily on RCW 51.52.104. It essentially claims that because the Department filed a petition based on certain factual issues, an appeal on those

---

[1] *Aloha Lumber Corp. v. Department of Labor & Indus.*, 77 Wn.2d 763, 466 P.2d 151 (1970).

same issues by any party is permissible; further, that the plaintiff employer is an aggrieved party and therefore entitled to appeal under RCW 51.52.110.

■ Because the statutory language is ambiguous, we are charged with the judicial function of determining its true meaning. *See State ex rel. McDonald v. Whatcom Cy. District Court*, 92 Wn.2d 35, 593 P.2d 546 (1979). In interpreting a statute, it is our duty and our goal to ascertain and give effect to the legislative intent. *In re Lehman*, 93 Wn.2d 25, 604 P.2d 948 (1980). We are, on one hand, guided by the following two maxims. First, where the language of a statute conveys an uncertain meaning, the act should be read as a whole and a meaning given to it that avoids strained or absurd consequences. *Whitehead v. Department of Social & Health Servs.*, 92 Wn.2d 265, 595 P.2d 926 (1979). Second, the spirit and intent of the law should prevail over the letter of the law. *In re R.*, 97 Wn.2d 182, 641 P.2d 704 (1982). On the other hand, we are reminded that if the Legislature has failed to provide for a particular eventuality, the courts cannot read into a statute language which the Legislature has omitted, whether intentionally or inadvertently. *State v. Jones*, 32 Wn. App. 359, 647 P.2d 1039 (1982).

■ Bearing this in mind, we first turn to RCW 51.52.104 and, specifically, to the following sentence therein: "Such petition for review shall set forth in detail the grounds therefor and the party or parties filing the same shall be deemed to have waived all objections or irregularities not specifically set forth therein." What, we must ask, does this language say to a nonpetitioning party? To our mind, the Legislature's intent was that every party who was aggrieved by a hearing examiner's proposed decision and order and who thereafter might wish to contest such order would in fact file a petition. Therefore, by addressing the waiver provision to the party or parties who actually filed a petition, the Legislature reasonably addressed itself to all aggrieved parties. And, because the plaintiff, an aggrieved party, failed to file a petition, it waived its objections to the

record.

The following reasons support this interpretation. First, to say that a nonpetitioning party does not waive *any* objection to a proposed decision and order, when a petitioning party waives all objections not clearly set forth in his petition, is simply incongruous and absurd. Somewhat less strained, perhaps, is plaintiff's argument that a nonpetitioning party does not waive those objections raised by the petitioning party. At least one can then argue that the Board had an opportunity to consider a certain issue before appeal to superior court. But this too is unreasonable. We do not believe the Legislature would provide for review of a nonpetitioning party's particular issue on the mere chance that another party would raise such issue in its petition.

For its part, the plaintiff argues that absurd results will be reached in every case if the filing of a petition is made to be a condition for a party's appeal to superior court. By way of example, the plaintiff hypothesizes an employee who is satisfied with a hearing examiner's proposed decision and order, and who does not petition. The employer then petitions, and the Board reverses. The plaintiff contends that if RCW 51.52.104 is strictly interpreted, the employee has no right to appeal. Thus, it argues for a more liberalized interpretation of the petition requirement.

Our response to the above argument is that the waiver provision in RCW 51.52.104 is only addressed to a party aggrieved by a proposed decision and order. If a party who is satisfied with the hearing examiner's proposal does not petition, he has waived nothing. Having no complaint, he has no objection. Thus, for example, we look at an employee who claimed full disability, but is awarded 50 percent disability. If he does not petition and the employer does, and if the Board would decrease the award to 25 percent, the employee would not have waived the right to appeal up to a 50 percent award, but he would have waived the right to appeal for more than that.

We find support for our interpretation in the applicable Washington Administrative Code. WAC 263–12–145 and

–150 incorporate much of the language in RCW 51.52.104, and immediately preceding the reiteration of the above quoted sentence from RCW 51.52.104 ("Such petition for review . . ." etc.), we read the following: "In the event such petition for review is filed, the failure of any party not aggrieved by the proposed decision and order to file a petition for review shall not be deemed a waiver by such party of any objections or irregularities disclosed by the record." WAC 263–12–145(1). This administrative gloss is evidence that the Board intended to preclude any notion suggesting that all nonpetitioning parties, including nonaggrieved parties, waived all objections to the record. The Board made clear by the above language that a nonaggrieved party waived absolutely nothing by not filing a petition. Conspicuously absent is any other attempt to clarify the statute's waiver provisions. One can reasonably infer, therefore, that the Board's understanding of the statute was that those parties who were aggrieved and who failed to petition waived any objections they might have had.

■ Having determined, however, that the plaintiff waived all objections to the record, we do not agree with the trial court's dismissal of plaintiff's appeal on jurisdictional grounds. Rather, this case should have been dismissed on the basis of waiver. Typically, waiver is an affirmative defense which must be pleaded. CR 8(c); *Mahoney v. Tingley,* 85 Wn.2d 95, 529 P.2d 1068 (1975). And although Russell did not specifically plead waiver, her argument—that the plaintiff failed to file a petition in accordance with RCW 51.52.104—was essentially the same. Therefore, because the substantial rights of the parties will not be affected, we affirm the dismissal on the basis that the plaintiff waived its right to object to any defect or irregularity in the record. Where a judgment is correct, it will be sustained on any appropriate ground within the established facts. *Ertman v. Olympia,* 95 Wn.2d 105, 621 P.2d 724 (1980); *Mid–Century Ins. Co. v. Brown,* 33 Wn. App. 291, 654 P.2d 716 (1982).

Thus, despite its failure to petition, this plaintiff was not

prohibited by statute from appealing. RCW 51.52.104 simply states that "[i]n the event no petition for review is filed . . . no appeal may be taken therefrom to the courts." Here, the Department properly filed a petition. Thus, because plaintiff is an employer aggrieved by the Board's denial of the Department's petition, the plaintiff had a right to appeal to superior court under RCW 51.52.110. But, because of the waiver, the court was correct in dismissing the appeal.

We therefore affirm.

PETRIE and REED, JJ., concur.