[No. 12423–8–II.   Division Two.   May 4, 1990.]

JEFFREY ROSE, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL, *Appellants.*

*Kenneth O. Eikenberry, Attorney General,* and *Jack S. Eng* and *Robert K. Costello, Assistants,* for appellants.

*John W. Hayden, Jr.,* for respondent.

ALEXANDER, C.J.—The Washington State Departments of Labor and Industries and Natural Resources together appeal an order of the Thurston County Superior Court reversing a decision of the Board of Industrial Insurance Appeals. The appellants assert that the trial court erred in concluding that Jeffrey Rose was entitled to recover time loss compensation benefits on a comparable wage basis for injuries he sustained while working for the Department of Natural Resources (DNR). Rose cross–appeals, contending that the trial court improperly limited his benefits to the amount previously awarded by an Industrial Appeals Judge and not appealed by him. We reverse and reinstate the decision of the Board.

Rose was injured while working under the supervision of the DNR at the Cedar Creek Honor Camp, a state correction facility. Rose received $1 a day as his "wage rate" for the work he performed at Cedar Creek. In addition, as an inmate of the correction facility, Rose received room and board. Because he was injured, Rose filed a claim with the

Department of Labor and Industries seeking time loss compensation under the Industrial Insurance Act.[1] The Department awarded Rose the statutory minimum of $185 per month in time loss benefits, basing its order on RCW 51.32.060(7) which provided, at the time of the claim, in pertinent part, as follows:

> When the supervisor of industrial insurance shall determine that permanent total disability results from the injury, the worker shall receive monthly during the period of such disability:
>
> . . . .
>
> (7) If unmarried at the time of the injury, sixty percent of his or her wages but not less than one hundred and eighty–five dollars per month.

Recodified as RCW 51.32.060(1)(g) by Laws of 1988, ch. 161, § 1.

The Department arrived at the statutory minimum of $185 per month as the rate of compensation for Rose, based upon its conclusion that Rose's wages were $1 a day. Rose appealed the Department's order to the Board of Industrial Insurance Appeals (Board). For purposes of appeal to the Board, the parties stipulated to the following facts:

1. The comparable civilian wage rate for the work performed by Rose is $9.92 per hour;

2. The actual wage rate received by Rose from the Department of Natural Resources was $1 per day;

3. The actual cost of room and board received by Rose during his employment was $44.49 per day.

Rose asserted before the Industrial Appeals Judge that he was entitled, pursuant to then existing RCW 51.08.178,[2]

---

[1] RCW 72.64.065 expressly authorizes inmates of a Department of Natural Resources adult honor camp to recover industrial insurance benefits, as provided in RCW Title 51 provided, however, that such benefits do not commence until such time as the inmate is released from custody.

[2] RCW 51.08.178 provided, at the time the claim in question was filed, in pertinent part, as follows:

"(1) For purposes of this title, the monthly wages the worker was receiving from all employment at the time of injury shall be the basis upon which compensation is computed . . ..

". . . .

to have his time loss compensation determined in accordance with the usual wage paid other employees engaged in like or similar occupations and, additionally, that his wage should include the reasonable value of board and housing that he received at Cedar Creek. The Industrial Appeals Judge ruled that Rose was not entitled to have his wage computed by reference to a comparable wage rate, but that the reasonable value of his room and board, $44.49 per day, was to be added to his wage rate of $1 per day, for a total wage base of $45.49.

DNR petitioned the Board for review of the Industrial Appeals Judge's decision. In its petition, DNR took exception to the Industrial Appeals Judge's conclusions awarding Rose the reasonable value of his room and board as part of his wage base. Rose similarly petitioned the Board to review the appeals judge's decision, however, Rose merely requested review of the appeals judge's determination regarding the date of the first time loss payment. Rose did not request review of the appeals judge's conclusion that he was not entitled to have his wage rate computed by reference to a comparable wage rate.

The Board reversed the Industrial Appeals Judge and reinstated the order of the Department establishing Rose's time loss compensation benefits based upon a $1 per day wage base. The Board concluded that the value of room and board received by Rose as a prisoner did not qualify as "other consideration," as that term is defined in RCW 51.08.178, but was merely an incident to his confinement and, therefore, it should not have been included in his wage base for purposes of computing his time loss benefits.

---

"The term 'wages' shall include the reasonable value of board, housing, fuel, or other consideration of like nature received from the employer . . ..

" . . . .

"(4) In cases where a wage has not been fixed or cannot be reasonably and fairly determined, the monthly wage shall be computed on the basis of the usual wage paid other employees engaged in like or similar occupations where the wages are fixed." (Recodified by Laws of 1988, ch. 161, § 12).

Rose appealed the Board's decision to the Superior Court for Thurston County. In his brief to the Superior Court, Rose requested review of: (1) the Board's decision denying him the reasonable value of his room and board in the computation of his wage base; and (2) the decision of the Industrial Appeals Judge denying Rose's claim of a comparable wage rate. Both the Department and DNR objected to the Superior Court's consideration of the issue of a comparable wage rate, contending that Rose had waived his right to appeal that issue by failing to petition the Board for review of the Industrial Appeals Judge's ruling denying the claim.

The Superior Court Judge concluded that Rose's failure to appeal the Industrial Appeals Judge's decision to the Board merely waived Rose's right to object to his time loss compensation not being based on a wage base higher than that established by the Industrial Appeals Judge (*i.e.,* $45.49 per day). The Superior Court concluded, however, that Rose was entitled to have both issues, comparable wage rate and room and board, considered in determining whether the Board erred in lowering Rose's wage base below the $45.49 per day amount established by the Industrial Appeals Judge.

Without addressing the issue of whether the reasonable value of room and board were includable in Rose's wage base, the Superior Court proceeded to hold that Rose was entitled to have his wage computed by reference to the wage paid a comparably employed person. It concluded that the $1 per day paid Rose was only a "work incentive" and was not a wage. Because the comparable wage rate was in excess of the $45.49 established by the Industrial Appeals Judge, however, the Superior Court limited Rose's time loss compensation to a wage base of $45.49 per day.

## Waiver

The first issue we are asked to address is whether the Superior Court erred in concluding that Rose did not waive

his right to appeal the issue of whether he was entitled to have his wage computed on the basis of the usual wage paid to others. We conclude it did not.

■ Appeal to the superior court by a party aggrieved by an order of the Board of Industrial Insurance Appeals is expressly authorized under RCW 51.52.110. Only matters not waived by the parties, however, may be reviewed by the superior court. *Homemakers Upjohn v. Russell,* 33 Wn. App. 777, 778, 658 P.2d 27 (1983). A party is deemed to have "waived" any objections or irregularities pertaining to the decision of the Board of Industrial Insurance Appeals that are not specifically set forth in detail by the party in its petition for review before the Board. RCW 51.52.104.

In *Homemakers,* this court construed the waiver provision contained within RCW 51.52.104 as applying only to a party "aggrieved" by an Industrial Appeals Judge's proposed decision and order. *Homemakers,* 33 Wn. App. at 780. As an example of a nonaggrieved party, against whom waiver would not apply under RCW 51.52.104 for failure to petition the Board for review, this court stated as follows:

> If a party who is satisfied with the hearing examiner's proposal does not petition, he has waived nothing. Having no complaint, he has no objection. Thus, for example, we look at an employee who claimed full disability, but is awarded 50 percent disability. If he does not petition and the employer does, and if the Board would decrease the award to 25 percent, the employee would not have waived the right to appeal up to a 50 percent award, but he would have waived the right to appeal for more than that.

*Homemakers,* 33 Wn. App. at 781.

Applying the analysis set forth above, the Superior Court entered the following conclusions of law regarding whether Rose was "aggrieved" by the decision of the Industrial Appeals Judge:

> 3. The proposed decision of the Industrial Appeals Judge established time loss compensation based on "wages" of $45.49 per day. Because Appellant [Rose] did not petition the Board for review of that aspect of the decision, Appellant waived his right to object to time loss compensation not being based on a higher wage base. However, because Appellant was not

aggrieved by the proposed decision basing time loss compensation on $45.49 per day, Appellant did not waive his right to appeal from a subsequent decision of the Board lowering the wage base below $45.49 per day (citing *Homemakers Upjohn v. Russell*, 33 Wn. App. at 780).

4. Appellant therefor [*sic*] has not waived his right to have both issues which impact the wage base considered by this Court. However, Appellant has waived his right to have time loss compensation based on a wage base exceeding $45.49 per day.

In our judgment, the trial court correctly concluded that Rose only waived his right to seek a wage base higher than that set by the Industrial Appeals Judge and, thus, both issues (*i.e.*, comparable wage rate and value of room and board) could be considered in support of the wage base established by the Industrial Appeals Judge. Accordingly, we conclude that Rose was entitled to seek review of the Industrial Appeals Judge's decision denying a comparable wage basis of computation.

### Right to Benefits Based on Comparable Wage Rate

The appellants contend that even if Rose did not waive his right to appeal the decision of the Industrial Appeals Judge denying a comparable wage base, the court erred in concluding that Rose was entitled to have his time loss benefits computed on the basis of the usual wage paid employees engaged in the work. We agree.

██ The determination whether Rose is entitled to have his wage base computed by reference to a comparable wage rate depends upon a construction of RCW 51.08.178. Interpretation of a statute is a question of law for the court. *Codd v. Stevens Pass, Inc.*, 45 Wn. App. 393, 398, 725 P.2d 1008 (1986), *review denied*, 107 Wn.2d 1020 (1987). Accordingly, this court's review is de novo, although substantial weight is to be accorded the interpretation of the administrative agency charged with administering the applicable statute. *Everett Concrete Prods., Inc. v. Department of Labor & Indus.*, 109 Wn.2d 819, 823, 748 P.2d 1112 (1988).

RCW 51.08.178 provides that where a worker's "wage" has not been fixed or cannot be reasonably and fairly determined, it may be established on the basis of the ". . . usual wage paid other employees engaged in like or similar occupations . . .". *See* RCW 51.08.178(2), recodified as RCW 51.08.178(4) by Laws of 1988, ch. 161, § 12. The term "wage," although not expressly defined, is referenced in RCW 51.08.178(1) as including ". . . the reasonable value of board, housing, fuel, *or other consideration of like nature received from the employer* . . .". (Italics ours.) Recodified by Laws of 1988, ch. 161, § 12. We construe the term "wage," therefore, to include any and all forms of consideration received by the employee from the employer in exchange for work performed.

The Board, in its review of the decision of the Industrial Appeals Judge, entered the following conclusion of law:

> 3. The computation by the Department of Labor and Industries of the claimant's [Rose] time loss compensation at the statutory minimum rate, based on wages paid of $1.00 per day, is correct and should be affirmed.

The Superior Court disagreed, concluding that the $1 was merely a "work incentive" and, thus, that Rose was essentially not receiving a wage at all. It concluded, therefore, that Rose was entitled, pursuant to then existing RCW 51.08.178(2), to have his wage based upon the usual wage paid other employees engaged in like or similar occupations.

In support of the Superior Court's conclusion, Rose notes the distinction between the treatment of the earnings of an "honor camp" prisoner under RCW 72.64, and a "work release" prisoner under RCW 72.65. The earnings of honor camp prisoners are not made subject to payroll deductions, whereas the earnings of a work release prisoner are. (*Compare* RCW 72.64.040 *with* RCW 72.65.050.) Rose suggests that this distinction evidences the Legislature's intent that the earnings of honor camp prisoners are not to be considered as true wages.

The absence of payroll deductions is not, in our opinion, determinative of the issue of whether something constitutes a wage under RCW 51.08.178. The meaning of the term wage, as used by the Legislature in that statute, would appear to encompass anything given as consideration for the work performed. Consequently, it is immaterial whether the $1 per day was given as an incentive or other form of compensation, because it clearly constituted consideration for the work performed.

Such amount, in turn, is a determinable sum and, thus, constitutes Rose's wage rate for purposes of computing his time loss compensation benefits. We conclude, therefore, that the Superior Court erred in ordering the computation of such benefits on the basis of a comparable wage rate.

### INCLUSION OF COSTS OF ROOM AND BOARD

An issue remains as to whether the Board properly excluded the value of room and board from Rose's wage base. Although this issue was not reached by the trial court, it only involves the application of RCW 51.08.178 to the uncontested facts and, thus, we may resolve it as a matter of law. *See Blake v. Federal Way Cycle Ctr.,* 40 Wn. App. 302, 309, 698 P.2d 578, *review denied,* 104 Wn.2d 1005 (1985).

RCW 51.08.178 provided, at the time of this action, in pertinent part, as follows:

> The term "wages" shall include the reasonable value of board, housing, fuel, or other consideration of like nature received from the employer, . . .[3]

The Board rejected Rose's contention that his room and board were includable in his wage base as "other consideration" under RCW 51.08.178, concluding that the room and board was not provided as consideration, but rather, as an incident of confinement. We agree.

---

[3]In 1988 the Legislature added the following pertinent language to RCW 51.08.178:

"The term 'wages' shall include the reasonable value of board, housing, fuel, or other consideration of like nature received from the employer *as part of the contract of hire . . .*". Laws of 1988, ch. 161, § 12.

Confinement in an honor camp is in lieu of commitment to other state penal or correctional institutions. *See* RCW 72.64.050. Therefore, to the extent such confinement would have been "provided" to Rose regardless of whether Rose rendered services to DNR, such confinement cannot be said to constitute consideration for the work performed. Consequently, we conclude that the Board was correct in construing RCW 51.08.178 as excluding the reasonable value of room and board provided as an incident to criminal confinement.

We reverse and remand with instruction that the order of the Board of Industrial Insurance Appeals be reinstated.

PETRICH and WORSWICK, JJ., concur.

Review denied at 115 Wn.2d 1010 (1990).