996 P.2d 593 (2000)
140 Wash.2d 282
STATE of Washington, DEPARTMENT OF LABOR AND INDUSTRIES, Petitioner,
v.
Eladio AVUNDES, Respondent.
No. 68103-1.
Supreme Court of Washington, En Banc.
Argued January 25, 2000.
Decided April 6, 2000.
*594 Bryan Harnetiaux, Debra L. Stephens, Michael J. Pontarolo, Spokane, Amicus Curiae on Behalf of Washington State Trial Lawyers Association.
William D. Hochberg, Edmonds, Amicus Curiae on Behalf of Washington State Labor Council and Washington State Building and Construction.
Perkins, Coie, Nancy T. Day, Seattle, Amicus Curiae on Behalf of Washington Self-Insurers Association, Washington State Farm Bureau and Building Industry Association of Washington.
Christine Gregoire, Attorney General, Richard Steven Puz, Asst., Olympia, for Petitioner.
Calbom & Schwab, David L. Lybbert, Moses Lake, for Respondent.
JOHNSON, J.
This case requires us to decide whether an injured worker's employment was essentially intermittent under RCW 51.08.178(2). The Department of Labor and Industries (Department) found the worker's employment was essentially intermittent and, therefore, determined his wages by the wage averaging provision set forth in RCW 51.08.178(2)(b). The Board of Industrial Insurance Appeals (BIIA) reversed, finding the worker not intermittent under RCW 51.08.178(2). The superior court and the Court of Appeals affirmed. We affirm.

FACTS
Respondent Eladio Abundes (Abundes)[1] was employed as a general farm laborer. On May 24, 1994, he was injured while cutting asparagus. At the time of injury, he had worked 50 days at that job. He applied for workers' compensation benefits under the Industrial Insurance Act, Title 51 RCW, and his application was approved. The Department classified Abundes as an exclusively seasonal, part-time or intermittent worker under RCW 51.08.178(2), and used the wage averaging calculation set forth in that subsection of that statute to determine his base monthly wage. Under subsection (2), the worker's total wages for the past 12 months are averaged to determine a base monthly wage. Abundes contends his monthly wage should be calculated under RCW *595 51.08.178(1), which looks only at the current monthly wage to determine a base monthly wage. In Abundes' case, the two calculation methods produce significantly different numbers.
In the 14 months prior to his accident, Abundes had worked 19 different jobs, working each project until it was complete. These jobs varied in length from one day to approximately six weeks. The Department presented no evidence to establish when the asparagus harvest would end. The parties agree that Abundes intended to secure full-time work throughout the year.
The BIIA ruled in Abundes' favor and directed the Department to calculate Abundes' monthly wage under RCW 51.08.178(1). The Department appealed, first to the superior court and then to the Court of Appeals. The Court of Appeals, in affirming the BIIA, characterized the issue as "whether Mr. Abundes' [sic] `current employment or his ... relation to his ... employment is essentially part-time or intermittent.'" Department of Labor & Indus. v. Avundes, 95 Wash.App. 265, 271, 976 P.2d 637 (1999) (quoting RCW 51.08.178(2)(b)) (alteration in original). The Court of Appeals concluded the employment was neither part-time nor intermittent and, therefore, could not be classified under subsection (2) for the purpose of determining workers' compensation benefits. The Department sought review in this court, which we granted.

ANALYSIS
This court has recognized that the Industrial Insurance Act "is to be liberally construed in order to achieve its purpose of providing compensation to all covered employees injured in their employment, with doubts resolved in favor of the worker." Dennis v. Department of Labor & Indus., 109 Wash.2d 467, 470, 745 P.2d 1295 (1987); see also RCW 51.12.010 ("[t]his title shall be liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment."). Until 1988, the amount of compensation paid under the act was determined primarily by the calculation formula under RCW 51.08.178(1), which reads in part:
For the purposes of this title, the monthly wages the worker was receiving from all employment at the time of injury shall be the basis upon which compensation is computed unless otherwise provided specifically in the statute concerned. In cases where the worker's wages are not fixed by the month, they shall be determined by multiplying the daily wage the worker was receiving at the time of the injury:
(a) By five, if the worker was normally employed one day a week;
....
(g) By thirty, if the worker was normally employed seven days a week.
... The daily wage shall be the hourly wage multiplied by the number of hours the worker is normally employed. The number of hours the worker is normally employed shall be determined by the department in a fair and reasonable manner, which may include averaging the number of hours worked per day.
RCW 51.08.178(1).
In 1988, the Legislature amended RCW 51.08.178 and added subsection (2), which reads as follows:
In cases where (a) the worker's employment is exclusively seasonal in nature or (b) the worker's current employment or his or her relation to his or her employment is essentially part-time or intermittent, the monthly wage shall be determined by dividing by twelve the total wages earned, including overtime, from all employment in any twelve successive calendar months preceding the injury which fairly represent the claimant's employment pattern.
RCW 51.08.178(2). This case requires us to determine when and how subsection (2) applies.
Under RCW 51.08.178(2)(b), wage averaging is used when "the worker's current employment or his or her relation to his or her employment is essentially part-time or intermittent." However, RCW 51.08.178(1) also applies to part-time employment. For example, a person who works one day per week is not only part-time within the definition of *596 subsection (1), but also squarely within the definition of subsection (2). Previous court decisions have not harmonized these potentially irreconcilable provisions. The provisions do use different terms: subsection (1) refers to workers who are "normally employed" for an unspecified number of days, while subsection (2) refers to workers who are "essentially part-time or intermittent."[2]
To resolve the question of which subsection applies, the Court of Appeals adopted a two-part analysis which had previously been developed by the BIIA to determine whether subsection (1) or subsection (2) applies. Avundes, 95 Wash.App. at 271, 976 P.2d 637; In re Pino, Nos. 91 5072 & 92 5878, 1994 WL 144956 (Bd. of Indus. Ins. Appeals Feb. 2, 1994). This approach requires looking "`first to the type of work being performed, and secondly, the relationship of the worker to the employment.'" Avundes, 95 Wash.App. at 273, 976 P.2d 637 (quoting In re Pino at *5). In Pino, the BIIA determined "the nature of the work performed by Mr. Pino [pipe fitting] was not part-time or essentially intermittent." In re Pino at *5. After making this first determination, the BIIA looked to the second inquiry to determine whether the worker's relation to employment was essentially part-time or intermittent. In re Pino at *5. Several relevant factors, including the nature of the work, the worker's intent, the relation with the current employer, and the worker's work history, are considered in making this determination. Avundes, 95 Wash.App. at 273, 976 P.2d 637; In re Pino at *5.
We find this approach accords with the statute. It correctly follows from our holding in Double D Hop Ranch that workers' compensation benefits should reflect the worker's "lost earning capacity." Double D Hop Ranch v. Sanchez, 133 Wash.2d 793, 798, 947 P.2d 727, 952 P.2d 590 (1997). The Department has not suggested a better test. We adopt the BIIA two-part analysis and apply it here.
In this case, the BIIA concluded the nature of Abundes' employment was not intermittent because "[w]ork which requires a worker to establish serial employment `should be viewed as essentially full-time.'... unless rebutted by the Department.... Here, there was no such rebuttal." In re Avundes (Abundes), Nos. 95 5344, 95 6135 & 96 0334, at 3 (Bd. of Indus. Ins. Appeals May 17, 1996) (quoting In re Hopkins, No. 90 5569, at 8 (Bd. of Indus. Ins. Appeals Mar. 13, 1992)). The Department has not contested this finding and we will not revisit it. We, therefore, analyze whether the Court of Appeals correctly applied the second part of the analysis to determine whether Abundes' relation to his employment was essentially part-time or intermittent. Avundes, 95 Wash. App. at 276, 976 P.2d 637.
Following the analytical approach of the BIIA, the Court of Appeals applied the Pino factors to determine if Abundes' relation to work was part-time or intermittent. Avundes, 95 Wash.App. at 276-77, 976 P.2d 637. It found the type of work to be full-time work; Abundes' intent was to work full-time and Abundes' work history showed a consistent pattern of working or looking for work. In fact, the Court of Appeals strongly rejected the argument that Abundes' work history was intermittent. Avundes, 95 Wash.App. at 276-77, 976 P.2d 637. It said:
There is no logical reason why a claimant should be penalized solely because his prior employment was irregular or uncontinuous. Such a rule would be unfair to an employee who had worked a series of jobs before being injured, and it would shift the analysis away from the proper focus on the injured worker's lost earning capacity. Nor does the conclusion negate RCW 51.08.178(2)(a), which properly should apply to a claimant whose current employment relationship is intermittent.
Avundes, 95 Wash.App. at 276-77, 976 P.2d 637. We agree. Further, the Court of Appeals noted there was no evidence of employer expectations, and that factor could not be weighed. It held that Abundes' relation to work was not part-time or intermittent. *597 Avundes, 95 Wash.App. at 276-77, 976 P.2d 637. We agree.
The Department primarily argues the Court of Appeals inappropriately changed the criteria used to reach an improperly desired result. The Department characterizes Abundes' current work as cutting asparagus, not general farm labor. Since asparagus is not cut year round, it contends, Abundes is an intermittent asparagus cutter. The Department suggests since Abundes is seeking to use the wages and hours of his current job to calculate his base monthly wage, only his relation to that specific job should be used to determine whether he is intermittently employed or not. Essentially, the Department argues Abundes can be an asparagus cutter or a general farm laborer, but not both.
However, we find nothing in either the statute or the BIIA two-part test that requires the work used to calculate the base monthly wage also be the work used in determining the worker's relation to employment. Further, nothing in the statute or the two-part test requires the worker characterize his or her work by the last job performed. Finally, the four factors used in the second part of the test say nothing about focusing exclusively on the current work. All factors must be reviewed. Accordingly, we reject the Department's invitation to limit the analysis to the most recent job.
The Department suggests a different approach than the one adopted by the Court of Appeals. It asserts the proper focus should be on whether the claimant's employment at the time of injury was permanent and full-time and, if not, on whether the claimant's work history was intermittent. If the employment was "permanent and full-time," then the worker would have his or her wage calculated under subsection (1). If not, then a "purely objective" analysis of work history would determine whether or not the worker had an intermittent work history. However, this proposed approach would ignore the fact that subsection (1) also governs part-time work, and the fact the statute does not distinguish between temporary and permanent employment. It would further penalize those who have recently begun working, or those who have had temporary bad fortune in finding a job. Also, this argument is undermined by our holding in Double D Hop Ranch in that the proper analytical focus is on lost earning capacity. Double D Hop Ranch, 133 Wash.2d at 798, 947 P.2d 727. In short, this approach artificially favors permanent, full-time employment in violation of the language of the statute. The approach proposed by the Department conflicts with the statute and is rejected.
In summary, when determining which section applies, the Department must first determine whether the type of employment is "essentially intermittent" within the meaning of the statute. If the type of work is intermittent, subsection (2) applies. If the type of employment itself is not intermittent, the inquiry shifts to whether the worker's relation to the work is intermittent. The Department must consider all relevant factors, including the nature of the work, the worker's intent, the relation with the current employer, and the worker's work history. While making this determination, the Department must be mindful that the default provision is subsection (1); it must be used unless the Department establishes it does not apply. RCW 51.08.178(1) ("[subsection (1) applies] unless otherwise provided specifically in the statute concerned."). When this approach is followed we find the Court of Appeals correctly concluded subsection (1) applies to Abundes in determining his workers' compensation benefits.
The Court of Appeals is affirmed. We grant attorney fees pursuant to RCW 51.52.130.
GUY, C.J., SMITH, MADSEN, ALEXANDER, TALMADGE, SANDERS, IRELAND, and BRIDGE, JJ., concur.
NOTES
[1] The petition to the superior court refers to respondent as "Avundes"; thus, that name is used in the case caption. However, counsel confirms respondent's name is "Abundes." The case caption will remain "Avundes," but the decision will correctly reference the respondent as "Abundes."
[2] Only one appellate case has directly addressed the application of the wage averaging provisions of subsection (2), but did not reach whether subsection (1) or subsection (2) applied. School Dist. No. 401 v. Minturn, 83 Wash.App. 1, 7, 920 P.2d 601 (1996).