8 P.3d 310 (2000)
102 Wash.App. 336
FRED MEYER, INC. Appellant,
v.
Kay SHEARER, Respondent.
No. 44742-4-I.
Court of Appeals of Washington, Division 1.
September 5, 2000.
*311 Craig Staples, Vancouver, for Appellant.
James Sedney, Seattle, for Respondent.
WEBSTER, J.
Fred Meyer, Inc. appeals the trial court's decision to affirm the time loss compensation rate determined by the Board of Industrial Appeals for an injured worker. The Board set the rate to include increased pay on her Sunday shift and to include pay she received for vacation, holiday, sick, and funeral leave. Fred Meyer argues that the rate should not include these payments because they do not constitute her daily wage. We affirm because her monthly wages included these payments.

FACTS
Shearer worked for Fred Meyer as a butcher until 1993 when she suffered a cervical injury at work that resulted in a permanent partial disability. While being treated for that injury, she was also diagnosed as suffering from carpal tunnel syndrome, for which she underwent surgery in 1994. Shearer filed for workers' compensation but felt that the wage calculation did not adequately reflect her wages. She appealed to the Board of Industrial Appeals to include all her wages in the calculation.
On weekdays, Shearer earned a base wage of $12.40 per hour. As compensation for her work on Sundays, however, Fred Meyer paid Shearer higher hourly rates, known as "shift differential" pay. Shift differential pay is not compensation for overtime but rather additional compensation for working undesirable hours. An overtime wage requires services beyond regularly fixed hours. See Black's Law Dictionary 996 (5th ed.1979). In contrast, shift differential pay at Fred Meyer merely requires work on Sundays or holidays. Shearer frequently worked Sundays about 75 percent of the timeand received shift differential pay of $18.60 per hour for those days. In addition, Fred Meyer also offered paid vacation, holiday, funeral, and sick leave. In the 26-week period prior to her cervical injury, she averaged 36.1 hours per week, including compensation for paid hours of vacation, funeral, and holiday leave.
After a hearing, the Board remanded to the Department of Labor and Industries to recalculate the claimant's wages to include her shift differential pay as well as paid vacation, holiday, sick, and funeral leave. Fred Meyer appealed to the King County Superior Court and filed a motion for partial summary judgment to reverse the Board's decision. Shearer made a cross-motion for partial summary judgment to affirm the Board's decision. The trial court granted Shearer's motion for summary judgment and later entered a final judgment with findings of fact and conclusions of law. Fred Meyer appeals.[1]

DISCUSSION
Fred Meyer argues that, under RCW 51.08.178, Shearer's daily wage should not include the increased paythe shift differentialthat she receives on Sundays. Since an interpretation of a statute is a question of law, our review is de novo. Rose v. Department of Labor & Indus., 57 Wash. App. 751, 757, 790 P.2d 201 (1990). Nevertheless, we accord substantial weight to the interpretation of the agency charged with administering the statute. Rose, 57 Wash. App. at 757, 790 P.2d 201. In addition, we construe the Industrial Insurance Act liberally to provide compensation to covered employees, with doubts resolved in favor of the employee. Department of Labor & Indus. v. *312 Avundes, 140 Wash.2d 282, 285, 996 P.2d 593 (2000).
RCW 51.08.178(1) states: "For the purposes of this title, the monthly wages the worker was receiving from all employment at the time of injury shall be the basis upon which compensation is computed unless otherwise provided specifically in the statute concerned." (Emphasis added.) See also Avundes, 140 Wash.2d at 290, 996 P.2d 593 (RCW 51.08.178(1) is the default provision when other sections do not specifically apply). The statute does not otherwise provide a specific basis upon which to compute compensation when there is a shift differential. Although the next sentence in RCW 51.08.178(1) refers to "cases where the worker's wages are not fixed by the month," the formula that the statute employs does not contemplate shift differentials and, instead, assumes only a single daily wage. Therefore, only the first sentence of RCW 51.08.178(1), that computes compensation based on the employee's monthly wages, is applicable here. The remaining portions of the statute do not apply to Shearer's situation.
The Board concluded that since Shearer normally worked on Sundays at a higher hourly rate, her monthly wage calculation must take the shift differential into account. Because of the shift differential, the Board treated Shearer as if she worked for two different employers and computed her monthly wages from all employment. Giving substantial weight to the Board's interpretation and resolving doubts in favor of the employee, we find this rationale persuasive. We hold that the monthly wage calculation includes shift differential pay.
Next, Fred Meyer argues that Shearer's wage calculation should not include payments for vacation, holiday, sick, and funeral leave. We have already determined that Shearer's monthly wages determine her time loss compensation. In this case, Shearer's monthly wages included leave benefits actually paid. Fred Meyer's reliance on Cockle is misplaced.[2]Cockle construed a sentence in RCW 51.08.178(1) that states: "The term `wages' shall include reasonable value of board, housing, fuel, or other consideration of like nature received from the employer as part of the contract of hire...." In Cockle, the Court of Appeals held that the phrase, "other consideration of like nature," only includes items of in-kind considerationsuch as health insurancethat an injured worker must replace, while disabled, out of time loss compensation. Cockle, 96 Wash.App. at 86, 977 P.2d 668. Although the Court mentioned vacation and sick leave benefits in its opinion, it distinguished compensation in cash and did not rule on those items. Cockle, 96 Wash. App. at 75-77, 81, 977 P.2d 668. Since vacation, holiday, sick leave, and funeral benefits are not in-kind consideration but rather are payments in cash, Cockle is not controlling.
The Board concluded that Shearer's monthly wages should include hours for which she was paid holiday, sick, vacation, and funeral leave because these payments represent benefits paid in lieu of work under her employment contract. To exclude these hours would understate the hours she was normally employed. Again, we adopt the Board's reasoning and hold that monthly wages include paid leave.
Shearer requests reasonable attorney fees and costs. Fred Meyer does not dispute that RCW 51.52.130 grants attorney fees to Shearer if she prevails, but contends that such fees must be only for services on successful claims before this court. The Washington Supreme Court has held that an attorney fee award under RCW 51.52.130 does not depend on overall recovery and does not exclude fees for unsuccessful claims. Brand v. Department of Labor & Indus., 139 Wash.2d 659, 669-73, 989 P.2d 1111 (1999). In any case, Shearer prevails on all issues. RCW 51.52.130 awards attorney fees to the worker whose right to relief is sustained when the employer appeals the Board's decision to the superior court or to the appellate court. Brand, 139 Wash.2d at 674-75, 989 *313 P.2d 1111; see also Young v. Department of Labor & Indus., 81 Wash.App. 123, 132, 913 P.2d 402 (1996). We hold that the statute encompasses fees in the superior court and the appellate court when both courts review the matter. Furthermore, the statute also awards fees for witnesses and costs. RCW 51.52.130. Shearer incurred attorney fees and costs in defending the Board's decision before the King County Superior Court and this Court. Because she prevails, we award her reasonable attorney fees and costs subject to the RAP.

CONCLUSION
Since RCW 51.08.178(1) does not specifically contemplate shift differential pay, workers' compensation is dependent on monthly wages instead of daily wages. Shearer's monthly wage calculation should include shift differential pay as well as leave benefits actually paid. As the prevailing party, Shearer should receive attorney fees and costs.
We affirm.
APPELWICK, J., and ELLINGTON, J., concur.
NOTES
[1] The Washington Supreme Court denied Fred Meyer's motion to transfer as a companion case to Cockle v. Department of Labor & Indus., 96 Wash.App. 69, 977 P.2d 668 (1999), review granted, 139 Wash.2d 1014, 994 P.2d 847 (1999).
[2] Likewise, Fred Meyer's reliance on Morrison-Knudsen Const. Co. v. Director, Office of Workers' Comp. Programs, U.S. Dep't of Labor, 461 U.S. 624, 103 S.Ct. 2045, 76 L.Ed.2d 194 (1983), is also misplaced because, among other reasons, that case construes a federal statute, not Washington's Industrial Insurance Act. Cockle, 96 Wash.App. at 84, 977 P.2d 668.