# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| MARGARET M. HOUSE, | No.  48443-9-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — Margaret House appeals from the superior court's judgment affirming the Board of Industrial Insurance Appeals' Decision and Order.  She argues that the Department of Labor and Industries should have included the unemployment compensation she was receiving at the time of her industrial injury when calculating her wage rate.  We disagree and affirm.

FACTS

In 2008, House began working full time for the City of Roy as a landscaper and water quality tester.  In 2009, due to budgetary concerns, House's hours were involuntarily reduced by the City to part time.  House continued to work for the City on a part-time basis, but also filed for and received unemployment compensation based on the reduction of her hours.

On October 4, 2010, House suffered an industrial injury while working for the City.  She was unable to continue to work so she began receiving temporary total disability benefits.  As a result of receiving temporary total disability benefits, House's unemployment compensation was terminated.

On May 7, 2013, the Department issued a wage order setting House's wages at $1,148.40 per month. The Department calculated this wage rate by multiplying the hourly rate of $13.05 per hour, four hours per day, five days per week. The wage order did not include House's unemployment compensation.

House filed a protest and request for reconsideration of the wage order. After the Department affirmed the wage order, House appealed to the Board. The Board issued a proposed order granting House's appeal and reversing and remanding the case to the Department to include House's unemployment compensation as part of her wages. The Department petitioned for review of the proposed order. The Board again granted review and ultimately issued a Decision and Order affirming the wage order excluding House's unemployment compensation.

House then appealed the Board's decision to Pierce County Superior Court. After considering briefing and oral argument from both parties, the superior court entered findings of fact, conclusions of law, and a judgment affirming the Board's Decision and Order holding that House was not entitled to have her unemployment compensation included in her wage order and that the Department correctly calculated her wage rate according to the Industrial Insurance Act.

## ANALYSIS

House argues that the superior court and the Board erred by holding that her unemployment compensation was correctly excluded from the calculation of her wage order. Specifically, she argues that the unemployment compensation constitutes consideration of like nature under the terms of RCW 51.08.178, and is analogous to dual employment. The

No. 48443-9-II

Department responds that because House's unemployment compensation benefits are not paid by her employer they cannot be considered wages. We agree with the Department.

## I. Standard of Review

Under the Industrial Insurance Act ("IIA"), the Board's orders are prima facie correct, and the party challenging the order has the burden of proof. RCW 51.52.115; *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 180, 210 P.3d 355, *review denied*, 167 Wn.2d 1015 (2009). The superior court reviews the issues de novo and relies exclusively on the certified board record. RCW 51.52.115; *Rogers*, 151 Wn. App. at 179. On appeal of the superior court's order, we review the superior court's order, not the Board's order, using the ordinary standard of review for civil cases. RCW 51.52.140.

Statutory construction is a question of law and is reviewed de novo. *Dep't of Labor & Indus. v. Granger*, 159 Wn.2d 752, 757, 153 P.3d 839 (2007). "The primary goal of statutory construction is to carry out legislative intent. If a statute is plain and unambiguous, its meaning must be primarily derived from the language itself." *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 807, 16 P.3d 583 (2001).

## II. Wages Are Payments From an Employer

The Department argues that House's unemployment compensation benefits clearly do not qualify as wages because she did not receive them from her employer, as required by RCW 51.08.178(1).[1] We agree.

---

[1] Unemployment compensation benefits are distributed by the Employment Security Department.

RCW 51.08.178 governs the determination of compensation for time loss and loss of earning power, which is based on monthly wages the worker was receiving at the time of the injury. RCW 51.08.178(1) provides, in relevant part:

> For the purposes of [Title 51 RCW], the monthly wages the worker was receiving *from all employment* at the time of injury shall be the basis upon which compensation is computed unless otherwise provided specifically in the statute concerned.
>      . . . .
>      The term "wages" shall include the reasonable value of board, housing, fuel, or other consideration of like nature received *from the employer as part of the contract of hire*.

(Emphasis added).

Washington courts have routinely held that "wages" consist of some form of consideration received from the employer in exchange for performed work. *Hill v. Dep't of Labor & Indus.*, 161 Wn. App. 286, 297-98, 253 P.3d 430 (2011); *Malang v. Dep't of Labor & Indus.*, 139 Wn. App. 677, 687, 162 P.3d 450 (2007) ("[D]etermining whether income constitutes 'wages' requires identifying the amount of income *an employer paid* in remuneration for work." (emphasis added)); *Rose v. Dep't of Labor & Indus.*, 57 Wn. App. 751, 758, 790 P.2d 201 (1990).

Despite the consensus of case law, House argues that wages cannot be limited to compensation received from an employer because tips are regularly included in computation of one's wages despite that tips are received from customers rather than from an employer. However, her example fails because RCW 51.08.178 includes the caveat of "unless otherwise provided specifically in the statute concerned," and goes on to specifically account for tips. RCW 51.08.178(1) ("[T]ips shall also be considered wages only to the extent such tips are reported to the employer for federal income tax purposes.").

House further argues that her unemployment compensation benefits constitute "other consideration of like nature" as described in *Cockle*, 142 Wn.2d at 808. There, our Supreme Court interpreted the meaning of "other consideration of like nature" to determine whether employer-provided health care coverage should be included in "wages." The court held that the phrase "represented a readily identifiable and reasonably calculable in-kind component of her lost earning capacity at the time of injury that is critical to protecting workers' basic health and survival." *Cockle*, 142 Wn.2d at 805.

House contends that because her unemployment compensation is readily identifiable, reasonably calculable, and critical to her basic health and survival, it should be included in her wages. However, House ignores the second part of the statute's sentence which requires that consideration of like nature be "*received from the employer as part of the contract of hire*." RCW 51.08.178(1) (emphasis added). Her argument cannot overcome the fatal flaw that the unemployment compensation benefits were not received from her employer.[2]

House also argues that her unemployment compensation is analogous to dual employment and as such should be considered wages. We disagree, because as House admits, "unemployment is, by its very definition, not employment." Br. of Appellant 15.

Finally, House argues that policy dictates that her unemployment compensation should be included in the wage order. She correctly notes that the IIA requires that it be liberally construed

---

[2] Of further note, Washington courts have held that employer contributions to government-mandated benefits, including unemployment compensation, are properly excluded from the wage calculation because they "are not *consideration for services under the contract for hire*, do not constitute other consideration of a like nature to wages, and are not critical to protecting the basic health and survival of the workers." *Kustura v. Dep't of Labor & Indus.*, 142 Wn. App. 655, 690-91, 175 P.3d 1117 (2008) (emphasis added).

in favor of the injured worker, and it should be interpreted to minimize the suffering and economic loss that arises from injuries in the course of employment. RCW 51.12.010. However, the statutory language prevails over general policy considerations. *Malang*, 139 Wn. App. at 691 ("[T]he IIA plainly provides that the award must be based on the amount of remuneration the employer paid.").[3] RCW 51.08.178(1). House's claims fail.

Consequently, we affirm the superior court's judgment affirming the Board's Decision and Order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, A.C.J.

_____
Sutton, J.

---

[3] We acknowledge that this result may appear severe in its impact on House's preinjury income or earning capacity. Here, the legislature's definition of "wages" does not include unemployment compensation benefits. Whether RCW 51.08.178 should be amended is a question we leave to the legislature.