## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JENNINGS R. GUSTAFSON, | No. 52200-4-II |
| Appellant, | |
| v. | |
| DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OFWASHINGTON and ABC LEGAL MESSENGER SERVICE, | UNPUBLISHED OPINION |
| Respondents. | |

SUTTON, J. — Jennings R. Gustafson appeals from the superior court's judgment affirming the Board of Industrial Insurance Appeals' (Board) decision and order. He argues that the Department of Labor and Industries (Department) should have included the mileage reimbursement he was receiving at the time of his industrial injury when calculating his monthly wage rate and also erred by averaging the hours he worked when calculating his monthly wages. We disagree and affirm.

### FACTS

In 2013, Gustafson began working full-time for ABC Legal Messenger Service as a legal courier. On November 24, 2015, he suffered an industrial injury while working for ABC Legal.[1]

---

[1] Gustafson was also employed by Pacific Northwest Legal Support, Inc. at the time of his injury, but he does not dispute the Department's wage calculation regarding his employment with Pacific Northwest Legal Support.

ABC Legal paid Gustafson $13.00 per hour. ABC Legal compensated Gustafson based on the actual hours he worked. ABC Legal reimbursed workers for "actual travel and entertainment expenses incurred in the transaction of authorized company business" incurred by workers, as long as the expenses were reasonable. Clerk's Papers (CP) at 406. This policy includes reimbursing workers who use their own vehicles for company business at a specific mileage reimbursement rate. ABC Legal paid Gustafson a set rate for mileage reimbursement. In 2010, ABC Legal began paying mileage reimbursement through payroll instead of through its accounts payable department. The mileage reimbursement did not become taxable income when ABC Legal made this switch.

At the start of 2015, ABC Legal used a set rate for mileage reimbursement of 41.5 cents per mile. Later in 2015, ABC Legal increased the mileage reimbursement rate to 50 cents per mile. ABC Legal intended the mileage reimbursement to cover all vehicle-related expenses such as gas, insurance premiums, and vehicle maintenance. A worker did not receive any mileage reimbursement if the worker did not drive. ABC Legal did not consider the mileage reimbursement as part of the wages paid. ABC Legal paid only for a straight 8-hour shift when paying workers for vacation, sick leave, or holidays, with nothing additional for mileage reimbursement. Because ABC's mileage reimbursement was lower than the rates recommended by the Internal Revenue Service (IRS), the IRS allowed ABC Legal couriers to deduct the difference between the rates as a business cost on their federal tax returns, and the IRS did not treat the mileage reimbursement as taxable income.

On December 18, 2015, the Department issued an order allowing Gustafson's claim, and benefits were provided. On March 1, 2016, the Department issued a wage order setting Gustafson's monthly wages at $3,803.14. The wage rate consisted of $2,158.00 monthly salary

from ABC Legal, $1,259.43 for his second job as a courier with Pacific Northwest Legal Support, $383.37 for health care benefits, and $2.34 a month for overtime.

The Department calculated the monthly wage rate based on the payroll records it received from ABC Legal that showed how many hours Gustafson had been paid at his hourly rate of $13.00 for the year before his industrial injury. The Department divided the number of hours recorded by 12 to arrive at 154.42 hours per month and then multiplied those hours by the hourly rate of $13.00 to arrive at the daily wage rate for his employment with ABC Legal. The Department also included Gustafson's pay for overtime hours worked and health care benefits paid by ABC Legal in his monthly wage rate calculation. The Department did not include the mileage reimbursement in the wage rate calculation.

Gustafson appealed the Department's wage rate order to the Board. The Board's judge affirmed the Department's order because mileage reimbursement was not considered wages under RCW 51.08.178(1). Gustafson petitioned the three-member Board for review of the judge's decision. The Board agreed with the judge's decision to affirm the Department's order.

Gustafson then appealed to the superior court. The parties filed briefs and the superior court heard argument. The superior court affirmed the Board's order, including the method of calculating Gustafson's monthly wage rate, and ordered him to pay $200.00 in statutory attorney fees.

Gustafson appeals the superior court's order affirming the Board's decision and order, and appeals the method the Department used to calculate his monthly wage rate.

No. 52200-4-II

ANALYSIS

Gustafson argues that the superior court and the Board erred by holding that his monthly wage rate calculation did not include his mileage reimbursement and also erred by averaging his hours to calculate his monthly wage rate. He argues that the mileage reimbursement was an alternative method of calculating his monthly wages, not merely a fringe benefit or perk, and it should have been included in the calculation of his monthly wage rate under RCW 51.08.178(1). The Department argues that mileage reimbursements are not wages under RCW 51.08.178(1) because they only cover the cost of work-related expenses and are not remuneration for the work performed. The Department also argues it correctly averaged Gustafson's hours worked to calculate his monthly wage rate. We agree with the Department.

I. STANDARDS OF REVIEW

In worker's compensation appeals of a superior court's order affirming the Board, we review the superior court's order using the ordinary standard of review for civil cases. RCW 51.52.140; *Soriano v. Dep't of Labor & Indus.*, 8 Wn. App. 2d 575, 582, 442 P.3d 269 (2019). The superior court reviews the issues de novo and relies exclusively on the certified Board record. RCW 51.52.115; *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 179, 210 P.3d 355 (2009). Under the Industrial Insurance Act (IIA)[2], the Board's orders are prima facie correct, and the party challenging the order has the burden of proof. RCW 51.52.115; *Rogers*, 151 Wn. App. at 180.

---

[2] Title 51 RCW.

Statutory construction is a question of law and is reviewed de novo. *Dep't of Labor & Indus. v. Granger*, 159 Wn.2d 752, 757, 153 P.3d 839 (2007). "The primary goal of statutory construction is to carry out legislative intent." *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 807, 16 P.3d 583 (2001). "If a statute is plain and unambiguous, its meaning must be primarily derived from the language itself." *Cockle*, 142 Wn.2d at 807. "'The guiding principle in construing provisions of the [IIA] is that the Act is remedial in nature and is to be liberally construed in order to achieve its purpose of providing compensation to all covered employees injured in their employment, with doubts resolved in favor of the worker.'" *Cockle*, 142 Wn.2d at 811 (quoting *Dennis v. Dep't of Labor & Indus.*, 109 Wn.2d 467, 470, 745 P.2d 1295 (1987)).

## II. Mileage Reimbursement Was Not Considered Wages

Gustafson argues that his mileage reimbursement payments should be included in the monthly wage rate calculation for his time-loss compensation. The Department argues that under the plain language of RCW 51.08.178(1), only certain payments from an employer to an employee constitute "wages" and mileage reimbursement is not included with the monthly wage rate calculation under RCW 51.08.178(1). We agree with the Department.

RCW 51.08.178 governs the determination of compensation for time-loss and loss of earning power, which is based on monthly wages the worker was receiving at the time of the injury. RCW 51.08.178(1) defines "wages" to include hourly wages, monthly salaries, and other narrowly defined payments such as board, housing, heating fuel, health care benefits, and other payments "of like nature" to these items. To be of a like nature to board, housing, and heating fuel, the claimed amount must be "critical to protecting [the] worker['s] basic health and survival." *Cockle*, 142 Wn.2d at 822.

Washington courts have routinely held that "wages" consist of some form of consideration received from the employer in exchange for performed work. *Hill v. Dep't of Labor & Indus.*, 161 Wn. App. 286, 297-98, 253 P.3d 430 (2011); *Malang v. Dep't of Labor & Indus.*, 139 Wn. App. 677, 687, 162 P.3d 450 (2007) ("determining whether income constitutes 'wages' requires identifying the amount of income *an employer paid* in remuneration for work") (emphasis added); *Rose v. Dep't of Labor & Indus.*, 57 Wn. App. 751, 758, 790 P.2d 201 (1990). In *Doty v. Town of South Prairie*, the court held that payments by an employer for full health care coverage would qualify as a "wage" under *Cockle*, but clarified that other reimbursements of expenses that do not pass the *Cockle* test are not wages. 155 Wn.2d 527, 543, 120 P.3d 941 (2005).

Gustafson first argues that the mileage reimbursement constitutes "other consideration of like nature" as described in *Cockle*. Br. of Appellant at 12 (quoting *Cockle,* 142 Wn.2d at 822). Gustafson contends that because the mileage reimbursement constitutes 41 percent of what ABC Legal paid him and driving is the job, the mileage is readily identifiable, reasonably calculable, and should be included in his monthly wage rate calculation. The Department argues that Gustafson does not incur these work-related expenses for driving when he is not working, and thus, his time-loss compensation payments should not include mileage reimbursement payments in the monthly wage rate calculation because Gustafson does not incur those expenses in the first place during periods that he is disabled from working.

Gustafson misconstrues the holdings in *Cockle* and *Doty*. In *Cockle*, our Supreme Court interpreted the meaning of the phrase "other consideration of like nature" to determine whether employer-provided health care coverage should be included in the statutory definition of "wages" under RCW 51.08.178(1). The court held that the phrase other consideration of like nature

"represented a readily identifiable and reasonably calculable in-kind component of [the worker's] lost earning capacity at the time of injury that is critical to protecting workers' basic health and survival." *Cockle*, 142 Wn.2d at 805. To be covered under the *Cockle* test, the claimed amount must be necessary during the time the worker is disabled. *Cockle*, 142 Wn.2d at 805. In *Doty*, the court held that reimbursement of work-related expenses did not pass the *Cockle* test because the expenses were not objectively critical to protecting the worker's basic health and survival during periods of disability. *Doty*, 155 Wn.2d at 541-43.

Here, ABC Legal only reimbursed Gustafson for the miles he drove while making deliveries for work. Gustafson will not be making work deliveries when he is disabled. The mileage reimbursement is provided by the employer because the driver incurs significant expenses while driving a personally owned vehicle for work. When Gustafson is not working for ABC Legal, he is not incurring these expenses. Therefore, there is no economic loss to compensate for in the first place.

Gustafson next argues that the mileage reimbursement is critical to his health and survival during the period when he is disabled. Under *Cockle*, our Supreme Court recognized that a worker needs food, shelter, warmth, and access to health care whether the worker is working or not. 142 Wn.2d at 805. Thus, the Department includes an employer's payments for board, housing, and health care in a wage calculation when it calculates a worker's time-loss payments. *Cockle*, 142 Wn.2d at 822-23. But mileage reimbursements are not "like" payments for board, housing, fuel, or health care, and therefore, the Department correctly excluded the mileage reimbursement from the calculation of Gustafson's monthly wage rate. *Cockle,* 142 Wn.2d at 822-23; *Doty*, 155 Wn.2d at 541-43.

No. 52200-4-II

Thus, we hold that the Department did not err by not considering the mileage reimbursement to be wages when calculating Gustafson's monthly wage rate, and we affirm the superior court's order affirming the Board's decision and order.

### III.  CORRECT MONTHLY WAGE RATE CALCULATION

Gustafson argues that the superior court and the Board erred by approving the Department's wage rate calculation when it averaged his hours to calculate his monthly wage rate. We disagree.

The Department calculated Gustafson's wages with ABC Legal by taking his total hours worked over a 52-week period ($1,853.09), dividing this figure by 12 to arrive at the average hours worked per month (154.42) and multiplying that figure by Gustafson's hourly wage ($13.00), which leads to a basic monthly wage from ABC Legal of $2,007.51.  The Department then took Gustafson's total holiday hours over the 52-week period (72), divided this by 12 to determine the monthly average (6), and multiplied it by $13.00, for an average monthly holiday pay of $78.00. The Department then took Gustafson's total vacation hours over the 52-week period (66), divided this by 12 (5.5) and multiplied that figure by $13.00, to arrive at $71.50.  The Department then combined the $2,007.51 in wages with the $78.00 in holiday pay and $71.50 in vacation pay for a total monthly wage rate calculation of $2,157.01, which it apparently rounded up to $2,158.00.

8

Gustafson suggests that this calculation is incorrect and argues that the Department must calculate a worker's wages exclusively based on the worker's scheduled hours. This suggestion contradicts the plain language of the statute, which calls for calculating a worker's wages based on the hours the worker was "normally" employed, not the hours the worker was scheduled to work. RCW 51.08.178(1). "If a statute is plain and unambiguous, its meaning must be primarily derived from the language itself." *Cockle*, 142 Wn.2d at 807.

Because the language in the statute is plain and unambiguous, the Department's calculation based on the average hours Gustafson actually worked is correct. We affirm the superior court's order affirming the Board's decision and order

## ATTORNEY FEES

Citing RCW 4.84.010, Gustafson requests an award of reasonable attorney fees and costs on appeal. Under RAP 18.1, the prevailing party is entitled to attorney fees and costs on appeal when applicable law authorizes the award. *See McGuire v. Bates*, 169 Wn.2d 185, 191, 234 P.3d 205 (2010). We deny this request because Gustafson is not the prevailing party, and thus, he is not entitled to an award of appellate attorney fees and costs.

No. 52200-4-II

CONCLUSION

We affirm the superior court's order affirming the Board's decision and order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

CRUSER, J.